JAMES ARMSTRONG Respondent, vs. HENRY HINDS, Appellant.

APPEAL FROM THE DISTRICT COURT OF SCOTT COUNTY.

On a demurrer to an entire defence it is error for the Court to sustain it as to part of the defence, and to strike out the remainder.

Where several issues are joined, and the jury find a special verdict which does not include all the issues, and there is no general verdict for the party, the judgment thereon will be set aside.

Points and authorities of Appellant.

I.—Several causes of action have been improperly united in the complaint, to wit, a cause of action for the recovery of the premises therein described, is united with a cause of action for the use and occupation of the same premises.

II.—The complaint does not state facts sufficient to constitute a cause of action.

1. The complaint does not state that the Plaintiff is possessed or seized of said premises in fee, or that he is the owner of the same.

2. The complaint does not state the traversable facts essential in an action of ejectment, but only the evidence of those facts.

3. The complaint leaves the pleadable and traversable fact, that of seizin in fee of the real premises, to be determined by inference and argument from the allegations of the evidence tending to prove the same.

4. A judgment of eviction cannot be rendered upon an implication of ownership drawn from allegations of evidence tending to prove seizin in fee.    3 *Pick*, 124 ; 1 *Graham & Wat. on New Trials*, 136, 7–8–9, 159 ; 7 *Barb*, 85 ; 1 *Code R. N. S.*, 175 ; 3 *Sand.*, 695 ; 4 *Sand.*, 681 ; 6 *Pr. R.*, 402 ; 10 *Pr.*, 50 ; 3 *Selden*, 478 ; 2 *Duer*, 673.


Points and authorities of Respondent.

I.—This action is brought for the recovery of the possession of real property, together with " damages for withholding thereof," or; in other words, " for the rents and profits of the same."

The wrongful taking, and the wrongful detention of the possession of the property are transactions " connected with the same subject of action." Therefore the claims to recover possession, and for the use and occupation, are properly united.    *Sub.* 1, *c 5, sec.* 97, *chap.* 60, *Comp. Stat.*

II.—It is submitted that an averment of each conveyance separately, from the government down to the last grantee, (in this case the Plaintiff,) is an averment of an issuable fact, and not of evidence, and that such averments being admitted, the unavoidable conclusion of the law is, that the legal title is in such grantee.

Which proposition the Respondent's attorney feels justified in making, without citing any authorities.

HENRY HINDS, Counsel for Appellant.

JOHN H. BROWN, Counsel for Respondent.

*By the Court*—EMMETT, C. J.—The complaint in this case alleges that " Shakopee City," in the county of Scott, was entered as a town site, under the law of Congress relating to town sites, on the 18th day of August, A.D. 1855, by the judge of the proper county; and that afterwards, on the 6th day of December, A.D. 1860, the said judge conveyed lot 4 of block 25, in said " Shakopee City," to the Plaintiff, in pursuance of said law of Congress, and of the several acts of the Legislature of this State relating to the execution of the trust created by an entry of a town site under said law.

That at the time of the commencement of this action the Plaintiff was seized in fee simple, and in his own right, of the lot so conveyed; that the Defendant,. in September, A.D. 1861, had wrongfully entered upon, taken possession of, and still held said premises in defiance of the rights of the Plaintiff; and that the use and occupation thereof were of the value of five dollars per month during the time the Defendant has so held them.

The answer denies that the conveyance from said judge to the Plaintiff was ever delivered to him, or that it was made in pursuance of law, as alleged in the complaint, or in any other manner than as therein afterwards set forth. It also denies that the Plaintiff is seized of the premises as alleged, or that said judge ever conveyed the same to him, and it also takes issue as to the value of the rent of the same.

The answer then proceeds to set up five distinct and separate defences to the alleged cause of action, each of which, except the

second, is demurred to, as not stating facts sufficient to constitute a defence.

On the hearing, the said demurrer was sustained, as to each of the defences objected to, except in regard to a single allegation contained in the last or fifth defence, wherein the Defendant avers that the deed from the said judge to the Plaintiff, mentioned in the complaint, had never been delivered to the Plaintiff.

The reply merely takes issue with the second defence pleaded, wherein the Defendant avers that the said judge, in the execution of his trust, had, in March 1856, conveyed said lot to one John Armstrong, prior to the alleged conveyance to the Plaintiff.

The issues, as thus made up, were submitted to a jury, and the following verdict was returned:

" The jury find the title of the premises described in the complaint to be in the Plaintiff, and that the Defendant is in possession thereof, and unlawfully withholds such possession from the Plaintiff, and the jury assess the Plaintiff's damages, by reason of the detention of such possession of such premises, at the sum of fifty-nine dollars and —— cents."

On this verdict a judgment was rendered in favor of the Plaintiff, for the amount therein stated, and thereupon the Defendant appealed to this Court.

We háve had little difficulty in arriving at the conclusion that the Court below erred in allowing the demurrer as to a part of the said fifth defence, and disallowing it as to the remainder. The said defence was an entirety—was objected to as such by the demurrer—and if it contained allegations constituting a good defence to the action, or to any part thereof—that alone was sufficient to dispose of the demurrer.

If there were other and immaterial allegations contained in this defence, the remedy was not by demurrer.

We do not, however, desire to be understood as intimating that the parts of this defence which were excluded by the judge below, or to which he held that the demurrer was sustained, are immaterial. If the allegations there made can be sustained by proofs, they would go far towards convicting the Plaintiff both of

a fraud and a crime in obtaining the deed under which he claims title; nor is it, without these allegations, easy to arrive at the full meaning of the part of the defence which was suffered to remain.

But this is not the sole objection to the proceedings below. The record shows that the Defendant moved in arrest of judgment on this verdict, and that said motion was overruled. We are of opinion that the judgment should not have been entered, as there were several distinct issues joined by the pleadings, which are not passed upon by the jury in the verdict which was rendered; nor is there any general verdict, or finding for the Plaintiff, within which these several issues can be included. In form, the verdict is special, and ought not to have been received, except in connection with a general verdict. It is not sufficient, in our opinion, to authorize the judgment.