## McKINNON v. RYNKIEVICZ.

(Circuit Court, E. D. Pennsylvania. May 17, 1906.)

### No. 42.

JUDGMENT—MOTION FOR JUDGMENT NON OBSTANTE VEREDICTO—PENNSYLVANIA STATUTE.

Pa. Act April 22, 1905 (P. L. 286), which provides that whenever upon the trial of any issue a point requesting binding instructions has been reserved or declined; the party presenting the point may move to have all of the evidence taken duly certified and filed, and for judgment non obstante veredicto upon the record, does not apply to a case in which the jury disagreed.

At Law. On motion for judgment non obstante veredicto.

C. E. Morgan, 3d, for plaintiff.

Crawford & Loughlin, for defendant.

HOLLAND, District Judge. This case was tried before a jury in this court on April 23, 1906. The jury disagreed and were discharged. At the close of the testimony the plaintiff presented to the court, among other points, the following: "Upon all the evidence in the case your verdict must be for the plaintiff." This point was refused by the court, and in accordance with the act of the commonwealth of Pennsylvania, passed the 22d day of April, 1905 (P. L. p. 286), plaintiff moved the court, within the time allowed, to have all the evidence taken upon the trial duly certified and filed, and for judgment non obstante veredicto upon the whole record. The act referred to is as follows:

"Be it enacted, etc., that whenever, upon the trial of any issue, a point requesting binding instructions has been reserved or declined, the party presenting the point may, within the time prescribed for moving for a new trial, or within such other or further time as the court shall allow, move the court to have all the evidence taken upon the trial duly certified and filed so as to become part of the record, and for judgment non obstante veredicto upon the whole record; whereupon it shall be the duty of the court, if it does not grant a new trial, to so certify the evidence, and to enter such judgment as should have been entered upon that evidence, at the same time granting to the party against whom the decision is rendered an exception to the action of the court in that regard."

Notwithstanding the fact that there was no verdict rendered in this case because of the disagreement of the jury, the plaintiff contends that the act applies and authorizes the court to give judgment in his favor, because, as he contends, there was no evidence of a defense against the plaintiff's recovery to submit to the jury; and, this being so, the plaintiff was entitled to binding instructions directing the jury to find in his favor, and that under the act the court is empowered to make an order after the disagreement of the jury to effect the same result. In the first place, we are not convinced of the first proposition that there was no evidence to submit to the jury; but, upon the other hand, we still think that the court's view of that matter was entirely right, and it was a question for the jury to determine whether or not the defense set up had been proven; but even if we are wrong in this, the court is clearly of the opinion that the Pennsylvania act does not authorize the court to give judgment for the plaintiff after disagreement by the jury. Before the court can render a judgment non obstante veredicto upon the whole record, there must be a verdict rendered by a jury in the case, and, until this is done, the act does not authorize the court to give judgment for either party to the suit.

Motion for judgment refused.