JONAS D. CLARK, *et al.*, v. WILLIAM WEIR.

1. ASSAULT AND BATTERY; *Action for Damages; No Material Error.* In a civil action for an assault and battery, where two sufficient defenses are set forth in the defendant's answer, and the court upon motion and demurrer erroneously holds that one of them is insufficient, and afterward the defendant goes to trial upon the other defense, and rightfully and without objection introduces all the evidence under it which he could have introduced under the defense that was excluded, *held*, no material error was committed.

2. ———— Also, *held*, that no material error was committed in giving or refusing instructions.

3. DAMAGES, *Actual and Exemplary; Special Question, Not Answered; Error.* In such action, where the court instructs the jury that they may render a verdict for both actual damages and exemplary damages, and where the jury, at the request of the defendant, are not only required to return a general verdict, but also to answer special questions of fact, among which is the following question: "What amount of actual damages did the plaintiff sustain, if any?" and the jury afterward return their general verdict in favor of the plaintiff and against the defendant, and assess the plaintiff's damages at $300, and state orally that they cannot agree with reference to this special question, and the court then directs the jury to answer it by saying, "Jury do not agree," and they so answer this question, and do not answer it in any other manner, and there is nothing in the case showing how much the jury allowed as actual damages, or how much they allowed as exemplary damages, *held*, material error.

*Error from Shawnee Superior Court.*

ACTION brought by *William Weir* against *Jonas D. Clark* and two others to recover damages for an assault and battery. September 24, 1885, judgment for plaintiff and against defendants for $300 and costs. The defendants bring the case to this court. The facts are sufficiently stated in the opinion.

*J. J. Hitt*, and *H. H. Harris*, for plaintiffs in error.

*Welch, Lawrence & Welch*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Shawee county by William Weir against Jonas D. Clark, Fleming Gear, and James Duncan, to recover damages for an alleged assault and battery. The case was afterward transferred to the superior court of said county, where it was tried before the court and a jury, and judgment rendered in favor of the plaintiff and against the defendants for $300 and costs. To reverse this judgment the defendants bring the case to this court.

The first alleged error is, the striking out of certain portions of the second defense of the defendants' answer, and then sustaining a demurrer to such defense. The ground for such demurrer was, that the facts set forth did not constitute any defense. The facts were set forth in great detail, but briefly stated, they are in substance as follows: The defendants were the school board of School District No. 39, in Shawnee county, and the plaintiff was a school teacher in such district. The board went to the school house where the plaintiff was teaching, to visit the school, to examine the school register, and to perform such other duties as are prescribed by law. The defendants requested the plaintiff to permit them to see the register, but he refused and became greatly enraged, attempted to grab an iron poker, but was prevented, and then he made an assault upon the defendant Gear. When such assault was made, the defendants put him out of the house, but "at no time used more force or violence than was absolutely necessary to protect themselves from the violence and attacks of the plaintiff;" "and that plaintiff himself was all the time the aggressor, used all the violence, and through his own malicious and wicked motives created all the disturbance, *and made the only assault that was made.*"

Section 27 of the act relating to school boards reads as follows:

"SEC. 27. The district board shall furnish each teacher with a suitable daily register, and shall visit, together or by one or two of their number, all the schools of their district, at least once a term, and at such other periods during the term as in their opinion the exigencies of each school may require; at which visits they shall examine the register of the teacher and see that it is properly kept, and inquire into other matters touching the school house, facilities for ventilation, furniture, apparatus, library, studies, discipline, modes of teaching, and improvement of the school; shall confer with the teacher in regard to condition and management, and make such suggestions as in their view would promote the interest and efficiency of the school, and the progress and good order of the pupils. The date and results of each visit shall be entered by the clerk of the board on their minutes."

We shall decide this case upon the theory that the court below erred in disposing of this second defense as it did. We shall assume that the facts stated therein constitute a good defense to the plaintiff's action. But under the other facts of the case is the error material? If the defendants had stood upon the sufficiency of this defense and not have participated in the trial that followed, the error would certainly have been material, and they could at once have brought the case to the supreme court and have had the error corrected. (*Gilchrist v. Schmidling*, 12 Kas. 263.) But they did not stand upon the sufficiency of their second defense. They went to trial upon their first defense, upon which they had a right to prove, and they did in fact and without objection offer evidence to

1. Practice; immaterial error. prove, all that was alleged in their second defense, and all that they could have proved under such defense. This we think rendered the errors of the trial court with regard to the second defense immaterial. (*Cannon v. Kreipe*, 14 Kas. 324.)

It is claimed that the court below erred in giving and in refusing instructions. It may be that the instructions given were too verbose, and contained too much extraneous matter; and, indeed, it may be that such of the instructions given as

were favorable to the plaintiff's side of the case were unneces-
sarily profuse, while those given on the other side were cor-
respondingly scanty; but still we cannot say that
2. Instructions; the court below committed any material error in
no error.
either giving or refusing instructions.    We are inclined to
think that the instructions given state the law, and cover the
entire case.

It is also claimed that the court below erred in directing
the jury how to answer the special questions numbered 2 and
3.   The record upon this subject shows and reads as follows:

"At the request of the defendants, the court then submitted
to the jury the following questions to be answered by them,
and returned as a part of their verdict in this cause, to wit:

"1.  Did Gear and Clark, or either of them, have anything
to do with spitting in plaintiff's face?

"2.  What amount of actual damages did the plaintiff sus-
tain, if any?

"3.  What items, and what is the amount of each item that
plaintiff sustained in actual damages, if he sustained any?

"The jury then retired with their bailiff, and, after consul-
tation, returned into court with the following verdict, to wit:

"We, the jury impaneled and sworn to try this cause, find
generally in favor of the plaintiff and against all the defend-
ants; and we assess the plaintiff's damages at the sum of $300.
H. D. CARR, Foreman.    And in addition to our general ver-
dict herein, we, the jury, make answer to particular questions
of fact as follows:

"1st.  Did Gear and Clark, or either of them, have anything
to do with spitting in plaintiff's face?    Ans.: No.

"2d.  What amount of actual damage did the plaintiff sus-
tain, if any?   A. ——.

"3d.  What items, and what is the amount of each item
that plaintiff sustained in actual damage, if he sustained any?
A. ——.

"The attention of the court was then called to the fact that
the second and third interrogatories had not been answered by
the jury.   The court then asked the foreman of the jury why
the questions had not all been answered, and the foreman re-
plied that the jury could not agree upon answers to said second
and third questions.   The court then instructed the foreman
of the jury to write as answers to the second and third ques-
tions the following: 'Jury do not agree.'   The foreman then,

and without retiring to their jury room, wrote at the end of the questions the words, 'Jury do not agree,' and signed his name, 'H. D. Carr, Foreman;' so that, as returned to the court, the second and third questions and their answers as returned, are as follows, to wit:

"2d. What amount of actual damages did the plaintiff sustain, if any?   Ans.: Jury do not agree.

"3d.   What items, and what is the amount of each item that plaintiff sustained in actual damage, if he sustained any ?   A. Jury do not agree.                    H. D. CARR, *Foreman*.

"And thereupon the said questions numbered two and three, with said answers thereto, were read to the jury, and the jury were asked if said answers were their answers, and the answer of all the jurors to said questions, and the jury responded in the affirmative; to all of which action of the court the defendants then and there objected; and their objection being overruled, they at the time excepted.   Defendants then moved the court that the jury be returned to the jury room to make answer to questions 2 and 3, which motion was by the court overruled; to which action of the court the defendants then and there excepted.   Defendants then moved the court for a judgment upon the verdict of the jury, which said motion was by the court overruled, and to which action of the court defendants excepted.   Defendants then filed their motion for a new trial, which motion is in words and figures as follows, to wit."

Here is set out the motion in full, which sets forth as grounds for the new trial not only the rulings of the court with regard to these special questions, but also eleven other grounds for a new trial.   This motion was overruled by the court, and the defendants excepted, and judgment was then rendered in favor of the plaintiff and against the defendants, as aforesaid.   We think the court below erred in directing 3. Questions, not the jury to answer the special questions numbered 2 and 3 by simply saying, "Jury do not agree."   The court ought to have required the jury to give proper answers to these questions, or at least to the one numbered 2.   (*K. P. Rly. Co. v. Peavey*, 34 Kas. 474; *U. P. Rly. Co. v. Fray*, 35 id. 700;  *W. & W. Rld. Co. v. Fechheimer*, 36 id. 45.)   This question, numbered 2, is a material one, and the defendants had a right to have it answered properly.

The court instructed the jury that they might award to the plaintiff both *actual* damages and *exemplary* damages; and this question was submitted to the jury for the purpose of ascertaining what amount of *actual* damages, if any, the plaintiff sustained; and then, by deducting the actual damages awarded from the whole amount of the damages awarded, the amount of the exemplary damages would be shown. But from the answer to the question as given by the jury, no one can tell what amount of actual damages was awarded, or what amount of exemplary damages was awarded; indeed, the jury as a body never agreed upon any amount of actual damages or any amount of exemplary damages. Their verdict was simply a compromise verdict for $300 damages in the aggregate. Some of the jurors may have been in favor of awarding the whole amount as exemplary damages, while other jurors may have been in favor of awarding the whole amount as actual damages, and still other members of the jury may have been in favor of awarding a portion of this amount as exemplary damages and a portion as actual damages; and no two of the jurors may have agreed with regard to the damages. Certainly, the jury, *as a jury, never agreed upon any verdict as to actual damages, or as to exemplary damages.* They should have been required to agree, or have been discharged because they could not agree.

For the error of the court below in permitting and requiring this question to be answered in the manner in which it was answered, its judgment must be reversed, and the cause remanded for a new trial.

All the Justices concurring.