LUCY A. CORSON *pro ami vs.* ELLSWORTH DUNLAP and others.

Somerset. Opinion May 31, 1888.

*Bastardy process. Final judgment. Bond. Surrender of principal.*

On a complaint under the bastardy statute, the adjudication and order of the presiding justice, that the defendant is adjudged the father of the child, and that he stand charged with its maintenance with the assistance of the mother, constitute the "final judgment;" the time of the announcement and entry thereof in court, is the date of the judgment; and no surrender of the defendant on any day thereafter in court will discharge the sureties on his bond.

ON report.

Debt on a bond given in a bastardy process.

*Walton and Walton*, for the plaintiff, cited: *Taylor* v. *Hughes*, 3 Maine, 433; *Corson* v. *Tuttle*, 19 Maine, 409; *Doyen*

v. *Leavitt,* 76 Maine, 247 ; *Hodge* v. *Hodgdon,* 8 Cush. 294 ; *Towns* v. *Hale,* 2 Gray, 199 ; *Young* v. *Makepeace,* 103 Mass. 50.

*Merrill and Coffin,* for defendants.

By the rules of court, No. XXXIII, it is provided : "That the clerk shall make a memorandum on his docket of the day on which any judgment is awarded ; and if no special award of judgment is made, it shall be entered as of the last day of the term."

By R. S., c. 82, § 138, it is provided that execution may issue on a judgment of the Supreme Judicial Court after twenty-four hours from its rendition, and the XXXIII rule of court provides that, unless there is a special award of judgment, it shall date as of the last day of the term.

If no special award of judgment has been made upon motion during the term, then upon the last day of the term judgment is rendered for the prevailing party, as of that day, in all cases that have in any way been formally determined. Spaulding's Practice, pp. 217 and 218 ; *Chase* v. *Gilman,* 15 Maine, 64 ; *Herring et als.* v. *Polley,* 8 Mass. 113.

Attachments upon real estate or personal property continue for thirty days after final judgment in the original suit, and no longer. R. S., c. 81, § 67.

Sureties on bail bonds in civil actions may, at any time before final judgment in the original suit, bring the principal into court where the action is pending, and deliver him into the custody thereof, and be thereby discharged. R. S., c. 85, § 7.

If they do not surrender the principal, the bail shall satisfy the judgment, with interest thereon from the time it was rendered. R. S., c. 85, § 8.

And when the principal avoids, the original creditor may bring his action against the bail, to be sued out within one year from the rendition of judgment against the principal. R. S., c. 85, § 9.

A review may be granted in civil actions when judgment has been rendered in any judicial tribunal, if petition therefor is

presented within three years after the rendition of judgment. R. S., c. 89, § 1.

The indorser of a writ is liable, in an action on the case brought within one year after the original judgment, in the court in which it was rendered. R. S., c. 81, § 7.

No *scire facias* shall be served on bail, unless within one year after judgment was rendered against the principal. R. S., c. 81, § 85.

The phrases, " After final judgment in the original suit " (c. 81, § 67) ; " before final judgment in the original suit " (c. 85, § 7) ; " from the time when judgment was rendered " (c. 85, § 8) ; " from the rendition of judgment " (c. 85, § 9) ; " after the rendition of judgment " (c. 89, § 1) ; " after judgment " (c. 89, § 1, Art. VII) ; " to the time of final judgment " (c. 89, § 5) ; " after the original judgment " (c. 81, § 7), all mean the same thing and must be construed to refer to one and the same time. Must not the same construction be given to the statute upon which the question now before the court arises, as to the statutes above referred to ?

When anything is limited by statute to be done within a certain time " after judgment," or " after the rendition of judgment," or " before final judgment in the original suit," or " before original judgment," the statute must be construed as having a particular reference to the general intendment of law and practice of courts as to the date of the judgment, and the time of limitation must be reckoned from the last day of the term, unless a special judgment has been entered upon the record, as of a day certain, and the record must govern. *Davis* v. *Blunt*, 6 Mass. 487.

The plaintiff relies upon *Taylor and ux.* v. *Hughes et al.* 3 Greenl. 433 ; *Corson* v. *Tuttle*, 19 Maine, 409, and *Doyen* v. *Leavitt*, 76 Maine, 247.

Upon examining the statutes of 1821, c. 72, § 1, under which *Taylor* v. *Hughes* was decided, we find that there was then no provision whereby the sureties could surrender their principal and be discharged. At that time the condition of the bond could only be saved by complying with the order of court. Now, on the contrary, by R. S., c. 97, § 4, by a surrender of their

principal before final judgment, the sureties may be released. The case of *Corson* v. *Tuttle*, above referred to, is decided upon the ground that there had been no surrender of the principal before final judgment, that there had been no attempt on the part of the sureties to release themselves by a surrender.

The case of *Doyen* v. *Leavitt*, 76 Maine, 247, certainly seems to be fully in accord with the above positions. In the course of the opinion the learned justice says : "The final judgment was rendered on the last day of the term. Even if its details were not finally settled in writing until afterwards, the judgment must date of that last term day. It could not date of any later day. The principal in that bond had not been surrendered in court prior to that last day. He was not present in court at the time of passing the order, nor at any time during its session on the last day."

VIRGIN, J. At the March term, 1886, on trial on the complaint against the respondent, he was found guilty. Thereupon he carried the case to the law court on a motion to set aside the verdict. The motion having been overruled, the presiding judge, on the third day of the succeeding September term, made the adjudication and passed the order contemplated in R. S., c. 97, § 7.

On the sixteenth day of the term, before the final adjournment thereof, the sureties on the bond in suit surrendered their principal in open court, and now contend that the surrender was "before final judgment" and that they were thereby discharged under the provisions of R. S., c. 97, § 4. But we do not so understand the law. On the contrary, the adjudication and order of the presiding justice above mentioned constituted the final judgment, and the time of its announcement in court and its entry upon the docket, was the date thereof. The respective rights and duties of the parties were then fully declared. Nothing was left unconsidered or undetermined. No further order or adjudication was needed. The final judgment in such case is *sui generis*, differing somewhat from the ordinary form of judgment in civil cases, and is analogous to decrees for

alimony in libels for divorce, or like decrees in equity suits. *Young* v. *Makepeace*, 103 Mass. 50. Moreover, such a judgment has always been deemed the final judgment. *Taylor* v. *Hughes*, 3 Maine, 433 ; *Corson* v. *Tuttle*, 19 Maine, 409 ; *Doyen* v. *Leavitt*, 76 Maine, 247 ; *Hodge* v. *Hodgdon*, 8 Cush. 294 ; *Towns* v. *Hale*, 2 Gray, 199 ; *Young* v. *Makepeace, supra*.

. Not having surrendered their principal " before final judgment " so that he could be committed for not " abiding the order of the court," the condition of their bond became broken, and the sureties must perform the covenant which they entered into. Cases *supra*.

> *Judgment for penal sum of bond. Execution to issue for such damages as accrued under the order of court.*

WALTON, DANFORTH, EMERY, FOSTER and HASKELL, JJ., concurred.

