Ford and another vs. Hill.

FORD and others, Appellants, vs. HILL, imp., Respondent.

*January 8 — January 28, 1896.*

*Equity: Setting aside judgment at law: Corporations: Insolvency: Preferences: Authority of president: Power of attorney to confess judgment: Estoppel: Corporate seal.*

1. A court of equity will not interfere to set aside a judgment at law which, although the judgment creditor had no legal right to take it, is not inequitable.
2. The mere fact of the insolvency of a corporation does not convert its property into a trust fund for the benefit of all its creditors so as to prevent one of them from obtaining a preference by the entry, without fraud, of a judgment by confession on a note with warrant of attorney given by the corporation while solvent.

Ford and another vs. Hill.

3. While the president of a corporation cannot, by reason of the general authority pertaining to his office, and without special authority, bind the corporation by the execution of a power of attorney to confess judgment against it, yet where, by the articles of incorporation, the president is authorized to represent the corporation "in matters of more than ordinary importance," and he in fact exercises practically the whole power of the corporation, with the knowledge and concurrence of all the directors and persons directly interested, who object neither to his general conduct nor to the particular act in question after they have knowledge of it, his execution of a power of attorney to confess judgment against the corporation upon its note given at the same time for money borrowed by the corporation in furtherance of its regular business from a person acting in good faith and relying upon an apparent authority of the president to execute such power, will be held to be the act of the corporation and binding upon it and its creditors.

4. The seal of a corporation is not essential to the validity of a power of attorney to confess judgment against it.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

The Lappen Furniture Company, a corporation, was organized in the city of Milwaukee, in December, 1892, for the purpose of carrying on a furniture business. Frank A. Lappen was president; A. T. Tanner, secretary and treasurer; and they two, with Joseph Bub, constituted the board of directors, from the time of the organization of the company up to and during all the transactions to which this action relates. The entire management of the corporation was intrusted to the president and secretary. During all the time of the existence of the corporation, they from time to time made notes, drafts, and other written instruments, with the knowledge of and acquiescence of the third director. In fact, the sole control and management of the corporation was, by general consent of the directors, left to the president and secretary. The articles of incorporation contained the following: "The principal duties of the president shall be to preside at the meetings of the board and of the stock-

holders, and to generally represent the corporation in matters of more than ordinary importance."

On the 24th day of December, 1892, Tanner, as secretary of the corporation, executed and delivered to the Wisconsin National Bank of Milwaukee, Wisconsin, a note for $20,000, payable in four months after date; and at the same time Frank A. Lappen, president, in the name of the corporation, executed a power of attorney in writing, though not under the seal of the corporation, authorizing judgment by confession upon the note, which power of attorney was delivered to the bank with the note. Lappen was not authorized to execute such instrument by any action of the board of directors, but he presented to defendant *Robert Hill*, who was president of the bank and acted in its behalf, what purported to be certified resolutions of such board giving him such authority; but in fact no such resolutions were ever adopted at any meeting of such board. *Hill*, acting as president of the bank in good faith, relied upon the proofs before him, believing that Lappen had been authorized by corporate act in the regular way to execute the power of attorney, and, so believing, received the note and power of attorney and, on behalf of the bank, delivered to the officers of the corporation the sum of $20,000. On the 2d day of May, 1893, the bank, for value, indorsed the note over to *Hill*. He thereafter, on the 12th day of May, 1893, took judgment thereon by confession, pursuant to the power granted by the power of attorney delivered with the note as aforesaid.

At the time the note was given the corporation was solvent. It then possessed assets of the value of $75,000, and was indebted in the sum of about $5,000. At the time the judgment was taken the corporation was insolvent. After the entry of judgment, plaintiffs also obtained a judgment against the corporation, and thereafter brought this action, as judgment creditors, to sequestrate the property of the

corporation and wind up its affairs, making defendant *Hill* a party for the purpose of testing the validity of his judgment. The result in the court below was in favor of the defendant *Hill*, and judgment was entered accordingly, from which this appeal was taken.

For the appellants there was a brief signed by *Turner, Bloodgood & Kemper, Hugh Ryan*, and *John F. Burke*, attorneys, and *Jackson B. Kemper*, counsel, and a brief in reply and oral argument by *Jackson B. Kemper*. They contended that, no resolution of the board of directors having been had authorizing the giving of the power of attorney, it is void, and for that reason the judgment entered upon it is null and void and must be set aside in this action. *North Hudson B. & L. Asso. v. Childs*, 82 Wis. 479; Cook, Stock (3d ed.), § 713*a; Raub v. Blairstown C. Asso.* 56 N. J. Law, 262; *Stokes v. N. J. Pottery Co.* 46 id. 237; *Wis. M. & F. Ins. Co. Bank v. Lehigh & F. C. Co.* 64 Fed. Rep. 497; *Stevens v. Carp River I. Co.* 57 Mich. 427; *McMurray v. St. Louis O. Mfg. Co.* 33 Mo. 377; 4 Thompson, Corp. § 4630, and cases in note. It has already been held that if there was fraud in the entry of any of the judgments entered against the corporation, they could properly be set aside in this very action. *Ford v. Plankinton Bank*, 87 Wis. 363. What greater fraud can well exist in a judgment by confession than to enter it upon a power of attorney which is not the act of any one authorized to act for the defendant, but in the eyes of the law is a mere forgery? Courts of other states have also held that a creditors' bill of this nature is the proper method to attack a judgment upon confession, obtained against an insolvent corporation. *Hill v. Pioneer L. Co.* 113 N. C. 173; *Atwater v. Am. Exch. N. Bank*, 152 Ill. 605. As to attack by creditors' bill on judgment confessed, see, also, *Sweetser v. Silber*, 87 Wis. 102.

For the respondent there was a brief by *Quarles, Spence & Quarles*, and oral argument by *T. W. Spence*. They ar-

Ford and another vs. Hill.

gued, among other things, that the corporation cannot repudiate the contract of its representative either in giving the note in question or in securing it by a power of attorney to confess judgment thereon, where the avails of the contract were issued for the benefit of the corporation, and such avails were furnished by the other party on the strength of such note and security, and especially where the transaction is within the knowledge of the board of directors and stockholders. *Manvill v. Belden M. Co.* 17 Fed. Rep. 425; *North Hudson M. B. & L. Asso. v. First Nat. Bank*, 79 Wis. 45, and cases cited; *Witter v. Grand Rapids F. M. Co.* 78 id. 546; *Kneeland v. Gilman*, 24 id. 42; *Simons v. Fisher*, 55 Fed. Rep. 905; *Merchants' Bank v. State Bank*, 10 Wall. 604, 644. The giving of the cognovit as security to notes executed to secure a loan is not so unusual, or so entirely outside of business custom, as to place it beyond the power of the managing officers to give the same, particularly where all others interested in the concern had abdicated their functions. The president had as much right to give the security in question as any other security. *Preston Nat. Bank v. George T. Smith M. P. Co.* 84 Mich. 382; *Sherman Center Town Co. v. Morris*, 43 Kan. 282; *McDonald v. Chisholm*, 131 Ill. 273; *Fitzgerald & M. Const. Co. v. Fitzgerald.* 137 U. S. 98, 109; *Miller Bros. v. Bank of B. C.* 2 Oreg. 291. The judgment note was a *security. McCaul v. Thayer*, 70 Wis. 144.

MARSHALL, J. The question presented here, at the outset, is not whether the president of a corporation, without having been specially authorized thereunto by the board of directors, but by reason of the general and ordinary powers pertaining to his office, can bind the corporation by the execution of a power of attorney to confess a judgment. There is no controversy but that the note was taken by the bank in good faith; that it loaned the $20,000 on the faith of the note and the accompanying power of attorney, and

Ford and another vs. Hill.

that it supposed, and had good reason to suppose, that the president, Lappen, was duly authorized to execute such power of attorney; that the corporation received the full benefit of the money loaned, and that it was borrowed in furtherance of its regular business; that it was then solvent, having a large amount of property in excess of its liabilities; and that, if the claim under the judgment is not legal, it cannot be said that it is inequitable. In this state of the case, ought a court of equity to interfere to set aside such judgment? That is the question at the threshold of this case, and we conclude that such question must be answered in the negative. It has been held by a long line of decisions in this state that courts of equity will not enjoin judgments at law on grounds showing that the judgment creditor had no right to take the same, even where there was no jurisdiction in the court to enter it, if the party seeking such relief can say nothing against the justice of the judgment. When the party is so circumstanced, equity will let him contend against the judgment as best he can at law. *Stokes v. Knarr*, 11 Wis. 389; *Crandall v. Bacon*, 20 Wis. 639; *Bonnell v. Gray*, 36 Wis. 574; *McCabe v. Sumner*, 40 Wis. 386; *Pirie v. Hughes*, 43 Wis. 531; *Rogers v. Cherrier*, 75 Wis. 54; *Marshall & Ilsley Bank v. Milwaukee Worsted Mills*, 84 Wis. 23; *Knox Co. v. Harshman*, 133 U. S. 152; *Walker v. Robbins*, 14 How. 584.

It is said in the brief of counsel for appellants that the complaint in this case has already been before the court, and that it has been held that, if there was fraud in the entry of the judgment against the corporation, it can be properly set aside in this action; referring to *Ford v. Plankinton Bank*, 87 Wis. 363. But the difficulty is, in applying what the court there said, that there is no fraud shown here on the part of the judgment creditor. The bank acted in good faith, and its assignee, *Hill*, as well, from the beginning to the end. *Hill v. Pioneer L. Co.* 113 N. C. 173, and

*Atwater v. Am. Exch. Nat. Bank,* 152 Ill. 605, cited by counsel to the effect that this proceeding may be maintained because the judgment has the effect to give the judgment creditor a preference over the other creditors of the corporation, have no application here. In the jurisdictions where those cases were decided, the mere fact of insolvency of the corporation converted the property into a trust fund for the benefit of all the creditors, and for that reason it was held that the corporation could not confess the judgment nor give any preference; but that rule does not obtain here. The mere fact of insolvency of a corporation, in this state, does not convert the corporate property into a trust fund, so as to prevent preferences. *Ballin v. Merchants' Exch. Bank,* 89 Wis. 278. The case of *Ford v. Plankinton Bank,* to which counsel refers, is authority only for the maintenance of such an action as this where the circumstances are such as to show fraud, either upon the corporation or the other creditors, in the entry of the judgment. The case goes no further, as is sufficiently explained in the opinion of Mr. Justice WINSLOW in *Ballin v. Merchants' Exch. Bank, supra.*

But we think the judgment must be sustained upon another and a broader ground. It appears that the president, by the articles of organization, was expressly clothed with extraordinary powers in managing the business of the corporation. The course of business, from the beginning to the end, shows that he exercised such extraordinary powers; that his acts in that regard, and particularly the act here challenged, were known to all the directors of the corporation, and no objection was made thereto at any time.

Now, while many cases might be cited that restrict the powers of the president of a corporation, which he may exercise merely as such, within very narrow limits, they should be relied upon with caution; for the circumstances of each individual case are likely to have, within certain limits, con-

trolling force.   While it is true that in all cases an act done by the president, in order to be binding upon the corporation, must be shown to be within the scope of his authority, that does not necessarily mean that such authority must be shown by the record.   The power may exist, as to innocent third parties, and may be shown to exist by acquiescence and the nature and course of business which the president transacts for the corporation.   In *Sherman v. Fitch*, 98 Mass. 59, it was held that the authority of the president to mortgage corporate property may be presumed, so as to bind the corporation, by the course of business and by acquiescence.   Mr. Justice WELLS, speaking for the court, said: "It is not necessary that authority should be given by a formal vote.   Such an act by the president and general manager of the business of the corporation, with the knowledge and acquiescence of the directors, or with their subsequent and long-continued acquiescence, may properly be regarded as the act of the corporation.   Authority in the agent of the corporation may be inferred from the conduct of its officers, or from their knowledge and neglect to make · objection, as well as in case of individuals."   *Emerson v. Providence H. Mfg. Co.* 12 Mass. 237; *Melledge v. Boston 1. Co.* 5 Cush. 158; *Lester v. Webb,* 1 Allen, 34.   To the same effect is *Martin v. Webb,* 110 U. S. 7, where it is said by Mr. Justice HARLAN, in effect, that the authority of the officer of a corporation may be implied from acquiescence,— from the course of business as it has been carried on for a considerable length of time without objection,— and in such cases his act will be taken to be the act of the corporation, where those who have had for a long time the right to object, with knowledge of the facts, have neglected to do so.

   The same principle is recognized in *Stokes v. N. J. Pottery Co.* 46 N. J. Law, 237, cited by appellants and referred to in Thompson on Corporations to the point that the act of the president in confessing judgment must be specially authorized,

Ford and another vs. Hill.

where a corporation appeared in the action and moved to set aside a judgment taken by confession, as in this case, on the ground that the president had no authority to execute the warrant of attorney. The court there referred with approval to the long line of cases in which the powers of officers of corporations were held to have been enlarged beyond the ordinary powers inherent in the offices, from the assent of the directors, proved by their consent and acquiescence in permitting the officers to assume and direct the control of the business; but the court did not apply the rule of such cases, because it was held that the facts were not sufficient to warrant such application. But such is not the case here, where it is shown conclusively, not only that extraordinary power was vested in the president under the articles of organization, but that he exercised practically the whole power of the corporation with the knowledge and concurrence of all the directors and persons directly interested, whose duties required them to object if he was exceeding his authority, and that they neither objected to the general conduct of the president before the act complained of, nor to such act after they had knowledge of it. Under such circumstances, where the act is manifestly for the benefit of the corporation, in pursuance of its legitimate business, and it has the benefit, as against those who acted in good faith, relying upon the apparent authority of the officer to act in the particular case, such act must be held to be the act of the corporation and binding upon it and its creditors as well.

This is not inconsistent with the law as laid down by this court, that corporations are fictitious bodies and act through directors (*Ford v. Plankinton Bank*, 87 Wis. 363), but goes upon the principle that responsibilities will be laid upon the principal for the acts of the agent done within the apparent scope of his authority, according to the course of business as ordinarily carried on, and that the doctrine of estoppel by the conduct of the principal applies to corporations the

same as to individuals. These principles have been more and more recognized in such cases, and applied with greater liberality for the protection of those who do business with corporate officers in matters in furtherance of the general purposes of the corporations, as the business of the country has drifted more and more into the hands of such artificial bodies. While the extension, or, rather, more liberal recognition, of such principles has not changed the law, as the same has been settled for a long period of time by the weight of authority, that the president of a corporation cannot, by virtue of his ordinary powers, execute a valid warrant of attorney to confess a judgment so as to bind the corporation, but, to do so, must be specially authorized by the board of directors, the tendency has been, as between the corporation and a person dealing with its president in good faith in a matter in furtherance of the business of such corporation, under the circumstances mentioned, to hold, as a presumption of fact from the course of business as carried on with the knowledge and permission of the directors, that such president was so specially authorized, and thereby, and also by the application of the doctrine of estoppel, to protect the innocent party. *McDonald v. Chisholm*, 131 Ill. 273, and *Atwater v. Am. Exch. Nat. Bank*, 152 Ill. 605, are conspicuous examples and they meet with our approval. They are both cases where it was sought to avoid the effect of judgments by confession, as in this case. The doctrine is there laid down as follows: " When a private corporation allows its managing officer to so conduct himself in his dealings and transactions on behalf of the company as to lead the public, or those dealing with him, to reasonably believe he possesses certain powers, the company will not be allowed to question such apparent authority, as against one relying in good faith on the same; and, where the general manager of a corporation makes a judgment note in the course of the general business of the corporation, he will be presumed to have acted within the scope of his powers, even though no resolu-

tion of the directors is shown. A stranger dealing with him, without notice of want of authority, will be protected." Thus, the principle of law contended for by the appellants is maintained; yet, by the evolution, we may properly say, of equitable principles, and their more liberal application as well, rather than by the discovery of any new ones, the effectiveness of the whole body of the law is preserved to accomplish justice in dealing with business conditions as they now are, when corporations exist, not created by special grant, and few in number, for purposes of more or less public concern, as formerly, but organized under general and very liberal acts for all kinds of legitimate business which concern the individual at every turn in the ordinary affairs of everyday life.

In this discussion we have not noticed the fact that the power of attorney in this case was not sealed with the seal of the corporation, because we do not deem that fact of any special importance. The seal would only be presumptive evidence that the execution of the instrument was a corporate act. If it be such in fact, or if the circumstances be such that defendant *Hill* had a right to rely upon it as such, then the absence of the seal makes no difference; the seal was not essential to the validity of the instrument. Angell & A. Corp. § 282; 4 Thompson, Corp. § 4630. The old doctrine that corporations can act only by deed or instrument under seal has been very much modified. It has given way to the pressure put upon it by the great growth of corporate transactions, and the necessity for greater freedom in their operations, for the convenience of business. Such bodies may now act without a seal, very much as individuals can, except when otherwise provided by statute or their articles of organization.

It follows from the foregoing that the judgment of the circuit court must be affirmed.

*By the Court.*— The judgment of the circuit court is affirmed.