Rowe vs. Leuthold and another.

ROWE, Assignee, Respondent, vs. LEUTHOLD and another, Appellants.

*November 2—November 22, 1898.*

*Corporations: Insolvency: Preference to officers: Fraudulent conveyance.*

An officer of a corporation which was never in a condition to pay all its debts in full cannot lawfully obtain a preference as a creditor over the general creditors, by giving to his wife a mortgage on the property of the corporation.

APPEAL from a judgment of the circuit court for Waupaca county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

The facts in the case appear in the opinion.

For the appellants there was a brief by *Cate, Sanborn, Lamoreux & Park*, and oral argument by *B. B. Park*.

For the respondent there was a brief by *Goodrick & Goodrick*, and oral argument by *E. J. Goodrick*.

CASSODAY, C. J. This action was commenced November 12, 1896, to set aside and cancel a certain mortgage for $6,000 executed by the Leuthold & Holman Granite Company, Limited, to *Emma Leuthold*, July 16, 1892, on the ground that the same was given in fraud of the creditors of the corporation. The complaint seems to state facts sufficient to authorize a recovery. The answer consists of admissions, denials,.

and counter allegations.   After the hearing of the case the
court found, as matters of fact, in effect:

(1) That the Leuthold & Holman Granite Company, Lim-
ited, filed articles of incorporation and began doing business
June 17, 1890; that the purpose of the corporation was to
operate a granite quarry for the manufacture and sale of
paving, building, dimension, and ornamental stones from the
granite quarry known as the Leuthold & Holman Granite
Quarry; that the corporation continued to do business to
August 25, 1893, when it made a voluntary assignment to
one David Parish, as assignee, for the benefit of creditors.

(2) That the corporation was so organized with a nominal
capital stock of $100,000, divided into 2,500 shares of $50
each; that the defendant *J. H. Leuthold* subscribed for 500
shares, and C. E. Holman for 500 shares, which shares of
stock were issued by the corporation to them, respectively,
in payment of the granite quarry and premises described;
that two shares were given to J. H. Leuthold, Jr., and two
shares to Wilfred Leuthold, sons of *J. H. Leuthold,* and two
shares to L. Holman, and two shares to H. B. Holman, sons
of C. E. Holman; that afterwards forty-six shares of stock
were issued to one James Chevne in part payment for serv-
ices performed by him for the corporation; that no money
was paid into the corporation for any of the shares of stock
so issued, and no money was ever received by the corpora-
tion upon subscriptions for capital stock; that the corpora-
tion at the time it began business had no cash capital or
money with which to carry on and conduct its business.

(3) That June 27, 1892, C. E. Holman was president, L. Hol-
man vice president, and *J. H. Leuthold* secretary and treas-
urer, of the corporation, and they constituted its board of
directors; that on that day, at a meeting of the stockholders
of the corporation, a resolution was passed by the votes of
*J. H. Leuthold, Sr.,* and his two sons, and James Chevne,
representing a majority of the stock of the corporation, re-

moving C. E. Holman as president and director, and L. Holman as director, and, by a like resolution of the same day, electing *J. H. Leuthold* as president and director, and James Chevne director and vice president, and W. Leuthold director and secretary.

(4) That David Parish, so appointed assignee of the corporation, duly qualified and entered upon the discharge of his trust, and continued to do so until March 7, 1896, when he was duly removed by the order of the circuit court, and the plaintiff herein was duly appointed by the court as such assignee; that the plaintiff thereupon duly qualified as such, and entered upon the discharge of his duties as such assignee of such corporation.

(5) That July 16, 1892, *J. H. Leuthold,* acting as president and director of the corporation, and James Chevne, acting as vice president and director thereof, and W. Leuthold, acting as secretary and director thereof, in behalf of the corporation, executed the mortgage of $6,000 to *Emma Leuthold* upon the granite quarry described, and the same was recorded July 19, 1892.

(6) That the corporation was not at the time of the execution of the mortgage, or at any other time, indebted to the defendant *Emma Leuthold*, but the same was given, as aforesaid, to *J. H. Leuthold*, to secure a claim then held by him against the corporation.

(7) That up to the time of the execution of the mortgage the corporation had been continuously run and operated at a loss, and had been and was at that time unable to pay, from its own resources, its debts and obligations as they matured in the ordinary course of business, or within any reasonable time thereafter; that the corporation was kept in operation by advances and loans from time to time made to it by *J. H. Leuthold* and C. E. Holman.

(8) That at the time of the execution of the mortgage the corporation was in failing circumstances, and was largely

indebted to *J. H. Leuthold* and divers other parties, which indebtedness it was unable to pay, and that said indebtedness still remained unpaid and undischarged, and that the corporation was then insolvent.

(9) That *J. H. Leuthold* knew, at the time of the execution of the mortgage, that the corporation was largely indebted to divers parties, and that it was in failing circumstances and was insolvent.

(10) That *J. H. Leuthold* caused the mortgage to be executed by himself as president, and by James Chevne as vice president, and by W. Leuthold as secretary, to his wife, *Emma*, as aforesaid, for the purpose and with the intent thereby to wrongfully secure to himself an unlawful preference over the demands and claims of other creditors, and in violation of his duties, as president and an officer of the corporation, to protect the interests of other creditors thereof.

(11) That it was necessary that the plaintiff, as such assignee, should sell and dispose of the property and real estate of the corporation covered by the mortgage, in order to pay and discharge the lawful claims and demands existing against the corporation.

(12) That all the material allegations of the complaint had been proven and were true, and that the allegations of the answer had not been proven.

And as conclusions of law the court found, in effect, that the mortgage so executed to *Emma*, and given to secure a claim of *J. H. Leuthold*, was fraudulent and void as to the creditors of the corporation; that the plaintiff was entitled to the relief demanded in the complaint, and to judgment canceling and setting aside the mortgage, and the lien by virtue thereof, as against the plaintiff, with his costs and disbursements. From the judgment entered thereon accordingly the defendants bring this appeal.

The finding that the nominal capital stock was $100,000,

Rowe vs. Leuthold and another.

divided into 2,500 shares of $50 each, is obviously a clerical error, as it would only take 2,000 shares of $50 each to make the $100,000. The error, however, is without significance, since there was never issued any more than 1,066 shares, and the granite quarry appears to have been the only consideration for almost all of such shares so issued. No money appears to have been paid on subscriptions or received for stock so issued. The moneys for operating expenses appear to have been largely borrowed on indorsements of *J. H. Leuthold* and *C. E. Holman*, or one of them, or advanced by them, respectively, to the corporation. From the evidence as well as the findings it is quite apparent that after the corporation started in business it was never in a condition to pay all its debts in full. The deposing of C. E. Holman and his son as directors and officers of the corporation was, manifestly, done for the very purpose of enabling *J. H. Leuthold* to obtain an unlawful preference over other creditors by giving the mortgage in question to his wife, without any consideration from her. The case seems to be fully covered by recent decisions of this court, and therefore the question involved requires no new discussion. While it is true that the mere fact of the insolvency of a corporation does not convert its property into a trust fund for the benefit of all its creditors, so as to prevent one of them, without fraud, from obtaining a preference by ordinary adversary proceedings, yet the officers and directors of an insolvent corporation cannot lawfully prefer themselves over its general creditors. *Ballin v. Merchants' Exch. Bank*, 89 Wis. 278; *Ford v. Hill*, 92 Wis. 188, 194; *Hinz v. Van Dusen*, 95 Wis. 503, 507, 508. That is just what *J. H. Leuthold* attempted to do by giving the mortgage in question to his wife.

*By the Court.*— The judgment of the circuit court is affirmed.