Calteaux, Assignee, Respondent, vs. Mueller, Appellant.

*March 14 — April 4, 1899.*

| 102 | 525 |
|-----|-----|
| 108 | 111 |
| 102 | 525 |
| 109 | 497 |

(1, 3) *Corporations: Power to purchase their own stock: Authority of officers: Contracts.* (2, 4) *Practice: Plea of another action pending: Judgment without verdict.*

| 102 | 525 |
|-----|-----|
| 111 | 1391 |
| 102 | 525 |
| 113 | 1381 |
| 113 | 1384 |
| 102 | 525 |
| 61 LRA | 622n |

1. A corporation, not prohibited by its charter, may purchase its own capital stock, yet such power cannot be exercised by an officer of the corporation without special authorization in that regard by its board of directors.

2. A plea of the pendency of an action previously commenced to enforce the same cause of action, is not good unless it shows that the parties thereto are identical with those in the second action, or that such as are not identical are in privity with the former parties.

3. If a secretary and business manager of a corporation, having no authority other than that ordinarily incident to such a position, sell and deliver to another property of the corporation, agreeing to accept in its behalf some of its capital stock in payment therefor, and such other disable himself from returning such property by transferring title thereof to a third person, the corporation may, at its election, hold such other liable on an implied promise to pay for such property at the sale price.

4. Where one party to an action is, on the evidence, entitled to judgment as a matter of law, the taking of a verdict in his favor is an immaterial formality; hence if, in such circumstances, the case be submitted to a jury who fail to agree, the court may then discharge them and order judgment in accordance with the facts.

[Syllabus by Marshall, J.]

Appeal from a judgment of the circuit court for Sheboygan county: N. S. Gilson, Circuit Judge. *Affirmed.*

The complaint was for the recovery of $498 with legal interest from October 19, 1895, alleged to be due from defendant *Anton V. Mueller* for three altars, a communion rail, and crucifix, said to have been sold him by plaintiff's assignor, a manufacturing corporation called the St. Francis Art Institute.   The St. Mary's Congregation of Random Lake was joined as defendant, but no cause of action was stated, or evidence produced to establish any cause of action as to it. Defendant *Mueller* answered, admitting purchase of the articles mentioned in the complaint, but alleging that it was made through H. T. Stemper as secretary and business manager of the St. Francis Art Institute, that it was agreed defendant should give therefor five shares of the capital stock of the institute company, and that the articles were delivered pursuant to such agreement and the stock duly tendered to plaintiff.   There were further allegations showing the tender pleaded to have been kept good down to the time of the trial.   The pendency of a former action against the St. Mary's Congregation was also pleaded in abatement.   On the trial the court ruled that the defense in abatement was insufficient, and due exception was taken to such ruling.

The evidence showed that before the action was commenced *Mueller* transferred the property purchased of plaintiff's assignor to the St. Mary's Congregation and thereby disabled himself from returning the same.   There was no dispute as to the amount due plaintiff, if anything was due, and no evidence that Stemper possessed any authority, as business manager of the Art Institute, other than that which ordinarily pertains to the position of secretary and business manager of a corporation.   There was some evidence tending to show that the agreed consideration for the articles purchased was capital stock in the Art Institute as alleged in the answer.

At the close of the evidence plaintiff's counsel moved the court for the direction of a verdict for $498 with interest.

That motion was denied with the understanding that the question of law presented should be considered later and that in the mean time some questions of fact should be passed upon by the jury. Such questions were thereupon submitted and the jury were instructed in regard to them. The jury, having failed to agree, were discharged, and the court then granted plaintiff's motion for judgment. Judgment was thereupon entered, from which this appeal was taken.

For the appellant there was a brief by *Gillen & Hughes*, and oral argument by *Simon Gillen*. To the point that the corporation was bound by the contract made by its secretary and business manager, they cited 4 Am. & Eng. Ency. of Law, 242, 245; *Madison, W. & M. P. R. Co. v. Watertown & P. P. R. Co.* 5 Wis. 173; *Clark v. Farrington*, 11 Wis. 306–322; *North Hudson M. B. & L. Asso. v. First Nat. Bank*, 79 Wis. 31; *Germantown F. M. Ins. Co. v. Dhein*, 43 Wis. 420; *Winterfield v. Cream City B. Co.* 90 Wis. 239; *McElroy v. Minnesota P. H. Co.* 96 Wis. 317; *Senour Mfg. Co. v. Clarke*, 96 Wis. 469; *Ford v. Hill*, 92 Wis. 188; 2 Kent, Comm. 291.

For the respondent there was a brief by *LaBoule & Hunt*, and oral argument by *F. S. Hunt*.

MARSHALL, J.   If Stemper, the secretary and business manager of the St. Francis Art Institute, had no authority to trade its property for capital stock in the corporation, then, under the circumstances disclosed by the evidence, plaintiff was entitled to recover unless the ruling of the trial court was wrong as to the sufficiency of the matter pleaded in abatement.

It stands admitted that appellant, *Mueller*, purchased the property mentioned in the complaint at the price alleged, and that he disabled himself from returning the same. Therefore, obviously, he was liable on an implied promise to pay

for the property at plaintiff's election to proceed that way, if there was no agreement binding on plaintiff's assignor to receive corporate stock in payment for the property.

The matter in abatement was manifestly insufficient, as it did not show the pendency of a former suit to recover the same indebtednsss of appellant, but of a third party, the St. Mary's Congregation of Random Lake. A plea of the pendency of a former action is fatally defective unless it shows an identity of parties or privies in the two actions. *Wood v. Lake*, 13 Wis. 84.

The question of whether a corporation, unless precluded by its charter, may, acting in good faith, purchase and take title to its own capital stock, which is discussed at considerable length in the briefs of counsel, was decided in the affirmative by this court in *Shoemaker v. Washburn L. Co.* 97 Wis. 585, and an examination of the opinion in that case, written by the present chief justice, will show that the decision is supported by abundance of authority, including that of the federal supreme court. But because it is within the power of a corporation to purchase its own stock, it does not follow, by any means, that an executive officer of such corporation may, by virtue of his office, exercise that power. It cannot be claimed here that Stemper had any power other than such as was incident to his office, because there is no evidence of any special delegation of power by action of the board of directors, or any implied authority by reason of the manner in which the business of the corporation was conducted. *Ford v. Hill*, 92 Wis. 188, and similar cases relied upon by appellant, have no application to the facts before us. In each of the cases referred to the officer of the corporation whose conduct was in question had been permitted, uniformly, to exercise the whole power of the corporation, and in such circumstances it was held that the corporation was estopped from changing its position to the prejudice of those who had in good faith dealt with such officer, relying

on the appearance of power for which such corporation, through its governing board, was responsible. Did the authority incident to Stemper's official position include that of purchasing capital stock in the corporation for the purpose of effecting a sale of its manufactured product? That is the question.

It would seem that a discussion of the subject presented and citation of authorities is unnecessary to show that a mere business manager of a corporate organization does not, by virtue of his office, ordinarily possess any such extraordinary authority as that of buying in its capital stock. The power of the corporation to do that is doubted in some jurisdictions and denied in others. No court that concedes it goes so far as to hold that the power can be exercised by an officer of the corporation having no special authorization by the governing body so to do. There are many things which a corporation may do, of much less importance than that of buying its capital stock, which cannot be done by a business manager without special authority, express or implied. He cannot make a judgment note. *Ford v. Hill,* 92 Wis. 188. He cannot contract with an employee for services for an unreasonable length of time. *Comacho v. Hamilton B. N. & E. Co.* 2 App. Div. 369; *Carney v. N. Y. L. Ins. Co.* 19 App. Div. 160. He may enter into such contracts and do such acts as pertain to the regular course of corporate business under his direction, and no more. When he goes outside of that without special authority, express or implied, his acts will not be binding upon the corporation.

Applying the foregoing to the question of whether Stemper had authority to buy the capital stock of the Art Institute, it must be unhesitatingly decided in the negative. That was no part of the general business of the corporation, nor incident to such general business in any way. That business consisted in manufacturing articles of merchandise of a particular character and selling them in the ordinary course

of trade. The power to purchase capital stock in the corporation was entirely outside its ordinary business, hence was exercisable only by such corporation acting through its governing body, the board of directors. The decision of the trial court in plaintiff's favor was proper and must be affirmed. The fact that there was no formal verdict is immaterial. The case turned on a question of law, therefore a verdict, though it would have been proper, was not necessary. *Gammon v. Abrams,* 53 Wis. 323.

*By the Court.*— The judgment of the circuit court is affirmed.