SMITH, Respondent, vs. DIXON and another, imp., Appellants.

*April 3—June 4, 1912.*

*Corporations: Judgment: Enforcement against stockholders after dissolution: Judgment note: Authority of manager to execute: Receipt of money by corporation: Evidence.*

1. A judgment against a corporation, duly entered upon a judgment note executed by the secretary and manager thereof, is *prima facie* valid, and in an equitable action to collect the same from stockholders who received the entire property of the corporation upon its dissolution it is incumbent upon the defendants to show affirmatively, not only that the secretary had no authority to execute the note, but also that it would be unjust and inequitable to enforce the judgment.

2. To show that the judgment is inequitable in such a case it should be made to appear affirmatively that the corporation did not receive to its own use the money represented by the note. The evidence in this case is *held* not to show that fact.

3. Evidence that during the two months after the note was given no single deposit of the amount of the note was made by the corporation at the bank at which it did business, and no larger deposit in which that amount might have been contained, is of little weight to show that the corporation did not receive

the money, especially where the business of the corporation was transacted at a village ten miles from the bank and trips to the banl were made only once in several days.

4. Delay by the holder of such note, at the request of the secretary of the corporation, for more than three years after it became due, before entering judgment thereon, during which time the secretary became insolvent, is *held* under the circumstances of this case not to have constituted laches precluding enforcement of the judgment.

5. Without special authority, express or implied, the secretary and business manager of a corporation has no power to make a judgment note on its behalf.

APPEAL from a judgment of the circuit court for Kenosha county: F. C. ESCHWEILER, Judge. *Affirmed.*

This is a creditor's action, brought by the plaintiff to wind up the affairs of the New Exchange Company, a business corporation, joining as defendants the appellants, *Dixon* and *Schenning,* and F. W. Hahn. It appeared on the trial that the plaintiff entered judgment against the corporation November 11, 1910, upon a judgment note alleged to have been executed by the company to one Brock, February 1, 1906, due one year after date, and subsequently assigned to the plaintiff. Prior to the commencement of the present action execution was issued on this judgment and returned wholly unsatisfied. It appeared further that *Dixon, Schenning,* and Hahn conducted a mercantile business as copartners in the village of Schennington, Monroe county, for several years prior to April, 1905, at which time they organized a corporation called the New Exchange Company to carry on the business and turned over the partnership property to the corporation in payment for its authorized capital stock of $25,000, of which stock Hahn received about one half and *Schenning* and *Dixon* about one fourth each. The actual value of the property so turned over did not exceed $20,000. The business thereafter was conducted by Hahn, who resided at Schennington, while *Dixon* and *Schenning* resided in Kenosha county and only occasionally visited Schennington. Decem-

ber 7, 1906, all the assets of the corporation were sold to the firm of Baker & Son, *Dixon* and *Schenning* each receiving promissory notes of Baker & Son aggregating about $3,700, and Hahn receiving in notes and cash not less than $6,000 and the outstanding open accounts of the corporation, which he was to collect and use the proceeds in paying certain debts of the corporation. For some years Hahn had loaned money for other parties on notes and mortgages, and prior to February, 1906, had negotiated a loan of that kind for one Christian Brock, who lived at Rochester, Racine county. This loan was paid to Hahn about February 1, 1906, and he wrote to Brock telling him that he could use the money in the store for his business, and sent to him the judgment note in question, signed in the name of the corporation as maker, and guaranteed by himself individually. He also stated to Brock that as soon as he found a place to invest the money on mortgage he would do so. Brock accepted the note, and *Smith* purchased it in April, 1909, entered judgment upon it in November, 1910, and commenced this action in December following. The corporation never had given authority to Hahn to execute judgment notes for the corporation, nor does it appear that he ever executed such a note at any other time. Hahn was secretary of the business, and at times made loans for use in the business at Warren's Bank at Tomah (where the banking of the corporation was done), which loans were paid at maturity. *Dixon* and *Schenning* testify that they did not know of these loans and that they did not authorize them. The corporation itself was dissolved by resolution duly filed December 30, 1907, and this action was commenced within three years thereafter. Hahn was solvent at the maturity of the judgment note, but insolvent when the action was commenced. He did not appear in the action, and his testimony was not obtained by either party, although effort was made to serve a subpœna upon him. The corporation had no other creditors. The trial court concluded as matters of fact that Hahn had implied authority to bor-

row money for the corporation, and that the corporation received and applied to its own use the amount represented by the judgment note, and rendered judgment against *Dixon, Schenning,* and Hahn jointly and severally for the amount of the judgment on cognovit. From this judgment *Dixon* and *Schenning* appeal.

For the appellants there was a brief by *Quarles, Spence & Quarles,* attorneys, and *J. V. Quarles, Jr.,* of counsel, and oral argument by *I. A. Fish.*

*E. John Wehmhoff,* for the respondent.

The following opinion was filed April 23, 1912:

WINSLOW, C. J. The plaintiff, in his character as a judgment creditor of a corporation unable to collect his judgment by execution, asks the assistance of a court of equity to collect his judgment from the defendants who received the entire property of the corporation upon its dissolution. *Prima facie* his judgment is a valid judgment based upon a valid judgment note. In order to successfully resist the collection of the judgment the defendants must not only show affirmatively that Hahn had no authority to execute the judgment note, but that it would be unjust and inequitable to enforce the judgment. *Ford v. Hill,* 92 Wis. 188, 66 N. W. 115.

The court found in substance that the judgment was not inequitable, because it appeared that the corporation had received to its own use the $600 represented by the note. This conclusion was evidently reached because the proof failed to show affirmatively that the corporation did not receive and use the money, and hence that the *prima facie* effect of the judgment in this regard had not been overcome. With this conclusion we agree. The appellants had no personal knowledge on the subject themselves, and really the only proof submitted by them tending to show that the corporation did not receive the money was the evidence of the cashier of the bank at which the corporation transacted its business, showing that there was no single deposit of $600 made during the months

of February and March, 1906, nor of any sum in which the sum of $600 might have been contained, but that all the deposits were of smaller sums ranging from $53.81 to $414.22, except the deposit of February 9th, amounting to $1,086.37 (which was shown to contain a certain draft of $1,000), and the deposit of $995.50 of March 24, 1906, nearly two months after the receipt of the $600. This proof does not seem very persuasive. It is very well known that in an active mercantile business bills for merchandise and expenses are continually falling due, and that it is not infrequent that money coming in is paid out even in considerable sums without going through the bank at all. Especially would this be apt to occur when, as here, the business was transacted at a small village ten miles or more from the bank, and trips to the bank were not made daily, but only once in several days.

The defendants *Dixon* and *Schenning* knew nothing about the books of the concern, apparently made no effort to ascertain where they were or what they contained, or to obtain them, or to secure the attendance of Hahn as a witness on the trial. The trial judge considered these facts of considerable significance upon the question whether the defendants had lifted the burden of proof resting in them to show that the judgment was inequitable, and we think he was quite right in so doing.

It is argued that there was laches in keeping the note without entering judgment thereon for more than three years after it fell due, during which time Mr. Hahn became insolvent. We do not regard the suggestion as of weight. Hahn was transacting business at a place many miles removed from the plaintiff and his assignor. He was evidently trusted by all parties, and especially by the plaintiff, until the spring of 1910. The delay was granted at the request of Hahn, apparently in good-faith reliance upon his supposed trustworthy character, and we do not consider it a case where justice calls for the application of the doctrine of laches.

The conclusions reached render it unnecessary to consider the question of the power of Hahn to execute a judgment note on behalf of the corporation. No reason is perceived, however, for departing from the principles laid down in *Ford v. Hill,* 92 Wis. 188, 66 N. W. 115, and *Calteaux v. Mueller,* 102 Wis. 525, 78 N. W. 1082, and under this rule it cannot be held that Hahn had such authority.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied June 4, 1912.