### SAMUEL G. ROSENGARTEN v. THE CENTRAL RAILROAD COMPANY OF NEW JERSEY.

Submitted December 5, 1902—Decided February 24, 1903.

The withdrawal of a juror, by direction of the court, produces a mistrial. There never having been a trial of the cause, a new trial cannot be directed. The original venire still remains in force, and parties are entitled to proceed under it.

---

On rule to show cause allowed to defendant.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and PITNEY.

For the rule, *Joseph H. Gaskill.*

*Contra, John W. Wescott* and *Herbert A. Drake.*

PER CURIAM.

This was an action brought by the plaintiff to recover damages for the destruction of his growing timber, grass, &c., by

fire communicated from one of the engines of the defendant company. At the close of the plaintiff's case, defendant's counsel moved for nonsuit upon the ground that the proofs submitted did not correspond with the allegations contained in the declaration. This motion was denied, and then, upon the application of counsel for the plaintiff, and against objection upon the part of the defendant, the trial court permitted a juror to be withdrawn. The defendant then applied for and obtained a rule to show cause why a new trial should not be directed.

The rule to show cause should be discharged. The withdrawal of a juror by direction of the court produced a mistrial. There never having been *any* trial of the cause, it is obvious that a *new* trial cannot be directed. The original venire still remains in force, and parties are entitled to proceed under it.

Rule discharged.