[APRIL TERM, 1914.]

---

PIKE & RICHARDSON ET AL. v. CITY OF
SHERIDAN.

(No. 771.)

TRIAL—DISAGREEMENT OF JURY—DISCHARGE—AUTHORITY TO RENDER
JUDGMENT ON MOTION.

1. When, in a civil action, a jury is unable to agree upon a
    verdict, and for that reason is discharged by the court, the
    case stands as though it had never been tried, and the
    court, without another trial or an agreement submitting
    the cause to the court on the pleadings and the evidence
    introduced before the jury, has no authority, merely on
    motion of one of the parties, to render judgment in the
    cause upon the pleadings and evidence.

[Decided April 14, 1914.]                    (139 Pac. 912.)

ERROR to the District Court, Sheridan County; HON. CARROLL H. PARMELEE, Judge.

The action was brought in the District Court by Pike & Richardson, a co-partnership, and one O. H. Richardson, against the City of Sheridan for the recovery of a money judgment. From a judgment for defendant the plaintiffs brought error. The material facts are stated in the opinion.

*Cadle & Byrd,* for plaintiffs in error.

Under the pleadings there was an issue of fact to be tried. After the discharge of the jury because unable to agree on a verdict, the statute provides for a retrial of the cause. (Comp. Stat. 1910, Secs. 4504, 4505). Pleadings may then be amended and additional evidence offered. (Marshall v. Kinney, 1 Wyo. 581). While a cause may be taken from the jury where there has been an entire failure of proof, no such action was taken in this case. The defendant demanded an instructed verdict and it was denied. The case, therefore, stood exactly as though it had never been submitted to a jury, and the plaintiff's demand for jury trial remained in force. The motion for judgment attacked the pleadings as well as the evidence. But the cause was commenced in the justice court where no pleadings are required. (Batchelor v. Kirkbride, 26 Fed. 899; Davis v. Baddires, 95 Ala. 348, 10 So. 422; Adams v. Cosby, 48 Ind. 153; Neenan v. Donoghue, 50 Mo. 493; Yeates v. Ballentine, 56 Mo. 530; Densmere v. Livingston Co., 60 Mo. 241; Bean v. Miller, 69 Mo. 384; Gillis v. Cobe, 177 Mass. 584). It is not necessary to plead specially each condition precedent and compliance therewith or an excuse for non-compliance, but a general allegation that the plaintiff has performed on his part is sufficient to authorize proof of excusable non-compliance with a condition requiring an architect's certificate before payment. (Smith v. Wilmon, 52 N. Y. Supp. 513, 167 N. Y. 237, 60 N. E. 419; Louisville Tr. Co. v. Louisville F. C. Co., 57 S. W. 506; 42 Ore. 578; 72 Pac. 126). In order to effect a settlement, the minds of the parties must make a new contract. The evidence in the case as to settlement was insufficient.

BEARD, JUSTICE.

This action was brought by the plaintiffs in error against the defendant in error, in justice court, to recover a balance of $200 alleged to be due on a contract for the erection of a City Hall for the defendant city. The case was tried three times in that court to three different juries, the first

two being unable to agree upon a verdict, and the third re-
turned a verdict in favor of the plaintiffs for the amount
claimed, upon which judgment was entered, and defendant
appealed the cause to the District Court. The cause was
there tried to a jury June 23, 1913. At the close of the
evidence the defendant requested the court to instruct the
jury to return a verdict in favor of defendant, which re-
quest was denied. The jury failed to agree upon a verdict
and was on the same day discharged· by the court. On the
same day defendant filed a motion "for judgment in favor
of defendant upon the pleadings and the evidence." Noth-
ing further appears to have been done in the case until July
15, 1913, when the following judgment was entered: "This
cause coming on for hearing on the fifteenth day of July,
A. D. 1913, being one of the regular days of the June, 1913,
term of said court, upon the motion of defendant for judg-
ment in favor of defendant upon the pleadings and evidence
in said cause, and the said motion having been duly con-
sidered by the court, and it appearing to the court that said
motion ought to be sustained and judgment ought to be
rendered in said cause in favor of the defendant, and it ap-
pearing further that defendant asks to amend its answer to
the petition in said cause so that said amended answer will
show a settlement between the defendant and the plaintiffs
as disclosed by the evidence at the trial of said cause, and
leave of court having been given to file said amended
answer and said amended answer having been filed in ac-
cordance with the order of the court; It is therefore or-
dered, considered, adjudged and decreed, that the defend-
ant, the City of Sheridan, do have judgment for the costs
in said action taxed at one hundred eighteen 65/100 dollars
($118.65). To which ruling the plaintiffs then and there
duly excepted. Done in open court this 15th day of July A.
D. 1913." The case has been submitted to this court upon
the brief of plaintiffs in error without oral argument, and
we have not been favored with a brief on behalf of defend-
ant in error, and therefore do not know upon what theory
it claims the judgment can be sustained. When a jury is

unable to agree upon a verdict and is discharged by the court, the statute provides that the cause may be tried again immediately or at a future time as the court may direct. (Sec. 4505, Comp. Stat. 1910). The case stands as though it had never been tried. We are unable to understand how the court, without a retrial of the issues of fact presented by the pleadings, could sustain the defendant's motion for judgment in the absence of any agreement of the parties that the cause should be submitted to and decided by the court upon the evidence which had been introduced and upon which the case had been submitted to the jury. As we have already said the cause stood for trial as though it had never been tried, the evidence would have to be introduced, and might be materially different from that formerly given. The record contains no agreement of the parties to submit the case to the court upon the evidence introduced before the jury, and the judgment on its face clearly indicates that it was upon the consideration of the defendant's motion only that the judgment was entered. From an examination of the evidence contained in the bill of exceptions and which is certified to be "all of the evidence in said cause" it appears that it was the evidence taken before the jury, and not on any trial to the court. Furthermore, the original pleadings certified to this court to be all of the original pleadings filed in said cause, contain an amended answer filed July 16, 1913, (the day after the date of the judgment) and a reply thereto filed the same day and containing a general denial of the allegations of the amended answer. Such being the record as certified to this court, we must assume it speaks the truth and the whole truth; and if so, the judgment was entered without trial, without hearing any evidence on the issues of fact presented by the pleadings, and without any agreement that the cause should be submitted to the court on the evidence formerly given before the jury, and was therefore erroneous. For that reason the judgment of the District Court will have to be reversed and the cause remanded for a new trial; and it is so ordered.

SCOTT, C. J., and POTTER, J., concur.