[April Term, 1915.]

## JONES v. CHICAGO, BURLINGTON & Q. R. CO.

(No. 789;  Decided April 12th, 1915;  147 Pac. 508.)

Appeal and Error—Bill of Exceptions—Motion for New Trial —Petition in Error—Assignments of Error—When Judgment on Motion Authorized—When Verdict Necessary—Judgment Non Obstante Veredicto—Judgment After Disagreement and Discharge of Jury—"Issue of Law"—"Issue of Fact"—Mistrial—Verdict to Support Judgment—Advisory Verdicts.

1. Where a cause was tried and submitted to a jury, which failing to agree were discharged without rendering a verdict and the court upon reconsideration of a motion made for a directed verdict, which had been overruled, made an order sustaining said motion and thereupon rendered a judgment dismissing the cause, the error, if any, appears on the face of the record and may be reviewed without a motion for a new trial or a bill of exceptions.

2. In a cause tried to a jury, there was a disagreement and discharge of the jury without verdict and the court thereupon rendered judgment dismissing the action. Plaintiff moved for a new trial, but preserved no bill of exceptions to the overruling of his motion. The petition in error set forth a copy of the motion and a recital of the facts and also a specific assignment that the court was without legal authority to enter the judgment. *Held,* that the petition was sufficient for a review of the question, as to the authority of the court to enter judgment.

3. A trial jury may be discharged when there is no probability of an agreement. (Comp. Stats. 1910, Sec. 4504.) Such discharge ends the trial. But the case may be retried (Comp. Stats. 1910, Sec. 4505), and the court is without authority to enter a judgment dismissing the cause without such retrial, or the consent of the parties, except for causes enumerated by Statute. (Comp. Stats. 1910, Sec. 4610.)

4. A judgment *non obstante veredicto* cannot be entered without a trial and verdict (Comp. Stats. 1910, Sec. 4624), while an enlargement of the Common Law remedy of *non obstante veredicto* is restricted in its operation to cases only, where the state of the pleadings entitles the parties to judgment notwithstanding the verdict, and its provisions will not justify the entry of a judgment of dismissal after a disagreement of the jury and their discharge without rendering a verdict.

5. Comp. Stats. 1910, Sec. 4451, declares that issues arise on the pleadings where a fact or conclusion of law is maintained by one party and controverted by another, while Section 4452 defines issues of fact as arising upon material allegations in the petition denied by the answer, etc. *Held,* that whether defendant's motion for nonsuit and dismissal should have been sustained, instead of the cause being submitted to the jury, was not an "issue of law", but a "question of law", and hence, after disagreement and discharge of the jury, the court, could not then uphold the motion and enter judgment

6. The common-law motion *non obstante veredicto* is based on the pleadings.

7. Laws 1915, c. 134, authorizing the entry of judgment notwithstanding the verdict, has no application where the jury disagreed and were discharged.

ERROR to the District Court of Sheridan County; HON. CARROLL H. PARMELEE, Judge.

The plaintiff in error brought an action below for damages for personal injuries. The cause was tried to a jury, which, failing to agree, was discharged without rendering a verdict. A motion theretofore made to direct a verdict for defendant, having been overruled, was then reconsidered by the court and sustained and a judgment was entered by the court dismissing the cause. The chief question presented for review is, as to the authority of the court to render judgment after discharging the jury and in the absence of a verdict.

*E. T. Clark* and *Burgess & Kutcher,* for motion to dismiss.

There is no bill of exceptions and no errors are presented for review. (Murrin v. Ullman, 1 Wyo. 36; Geer v. Murrin, 1 Wyo. 37; White v. Sisson, Wallace & Co., 1 Wyo. 395; Cantlin & Co. v. Miller & Chapman, 13 Wyo. 109; Comp. Stats. 1910, Sec. 4598; Supreme Court Rule No. 13.) A motion for a new trial will not be reviewed unless embraced in a bill of exceptions. (Perkins v. McDowell, 3 Wyo. 328; Siehl v. Bath, 5 Wyo. 409; Rubel v. Willey, 5 Wyo. 427; Boulter v. State, 6 Wyo. 66; Groves v. Groves, 9 Wyo. 173; Comms. v. Shaffner, 10 Wyo. 181; Freeburgh v. Lamoureux, 12 Wyo. 41, 13 Wyo. 454; Wallace v. Skinner, 15 Wyo. 233; Burns v. C. B. & Q. R. R. Co., 14 Wyo. 498.) Exceptions to a refusal to grant an application for a change of judge must be preserved in a bill of exceptions. (Syndicate Improvement Co. v. Bradley, 6 Wyo. 171.) The same rule applies as to a change of venue. (Littleton v. Burgess, 16 Wyo. 58.) Methods of trial are prescribed by statute. (Secs. 4453 and 4514, Comp. Stats. 1910.) Alleged errors of the trial court in trying a case to a jury after a jury has been waived, or in refusing a demand for a jury trial, must be presented in a motion for a new trial and preserved in a bill of exceptions, in order to have the error reviewed. (Hogan v. Peterson, 8 Wyo. 549;

Syndicate Improvement Company v. Bradley, 6 Wyo. 178.)
A jury fee must be deposited.   (McGeagh v. Wordberg, 55
N. W. 117 (Minn.)

   *Cadle & Byrd,* in opposition to motion to dismiss.

   The error complained of is apparent on the face of the
record and no bill of exceptions is necessary.   (Nichols v.
Board of Commissioners, 76 Pac. 681.)   There is a dis-
tinction between a change of venue and a change of judge.
(3 Wyo. 328;  Comp. Stat. 1910, Sec. 5144.)

   *Cadle & Byrd,* for plaintiff in error.

   The court erred in refusing plaintiff's application duly
made for a change of judge.   (Comp. Stats. 1910, Secs.
5142 and 5152;  Perkins v. McDowell, 3 Wyo. 203.)   The
application and affidavit may be made by counsel.   (Comp.
Stats. 1910, Sec. 4422.)   The point was not waived by going
to trial after a refusal of the application.   (Jones v. Chi-
cago N. W. Railway Co., 72 Ia. 36.)   A change of judge
could have been granted upon plaintiff's second application,
after the jury had been discharged.   (8 Am. & Eng. Ann.
Cases, 759;  Marshall & McKee v. Kinney, 1 Ia. 580;  Ber-
ner v. Frazier, 8 Ia. 77, 126 Ia. 581.)   A jury may be dis-
charged before verdict in certain cases (Sec. 4504, Comp.
Stats. 1910), and the case may be retried (Sec. 4505, Comp.
Stats. 1910), but there is no authority for the entry of a
judgment, unless the case be retried.   Issues must be tried
according to statute.   (Comp. Stats. 1910, Sec. 4453).   A
jury trial is a constitutional right.   (Art. 7, Constitution
U. S.)   Benefits received through a scheme of relief con-
ducted by an employer, will not defeat the right to recover
for injuries (King v. Atlantic Coast Line R. R. Co., 72
S. E. 812) unless the settlement and membership be vol-
untary.   (Wyo. Constitution, Sec. 1, Art. 19;  Sec. 3430,
Comp. Stats. 1910.)   The contract of membership governs
the legal consequences of the acceptance of benefits after
injury.   (C. B. & Q. R. R. Co. v. McQuire, 55 Sup. Ct. Rep.
566.)   The Safety Appliance Act cannot be satisfied by a

showing of diligence. (U. S. Sup. Ct. Rep., Vol. 220, p. 586; C. B. & Q. R. R. Co. v. U. S. 55, Law. Ed. 587; 78 S. W. 220, sustained; same, 98 S. W. 958; 210 U. S. 281; 52 Law Ed. 1061; 28 Sup. Ct. Rep. 616.) A failure to provide proper equipment renders the company liable for injuries caused by such failure. (Mobile &c. R. R. Co. v. Branburg, 141 Ala. 258, 37 So. Rep. 395; Winkler v. Philadelphia &c. R. R. Co., 4 Penn. (Del.) 80, 53 Atl. Rep, 90, 4 Penn. (Del.) 387, 56 Atl. Rep. 112; Johnson v. Southern Pacific R. R. Co., 117 Fed. 462, 54 C. C. A. 508, reversing 116 Fed. 867 (196 U. S., p. 1), 25 U. S. Sup. Ct. Rep. 158; Chicago &c. R. R. Co. v. Voelker, 129 Fed. Rep. 522, 65 C. C. A. 226; Kansas City &c. R. R. Co. v. Flippo, 138 Ala. 498, 35 So. 457; Chicago &c. R. R. Co. v. Walters, 120 Ill. App. 152: See cases cited: 53 Atl. Rep. 90; 4 Penn. (Del.) 387; 56 Atl. 112; Am. & Eng. Annotated Cases, Vol. 10, p. 701, and cases there cited.)

*E. T. Clark* and *Burgess & Kutcher,* for defendant in error.

Alleged error in sustaining motion for judgment on the evidence cannot be reviewed without a bill of exceptions. (Syndicate Imp. Co. v. Bradley, 6 Wyo. 178; Hogan v. Peterson, 8 Wyo. 549; Burns v. C. B. & Q. R. R. Co., 14 Wyo. 498; Freeburgh v. Lamoureaux, 12 Wyo. 233; Rule 13 of Supreme Court.) Where the evidence is undisputed and a new trial can serve no useful purpose, the appellate court will direct the entry of such judgment, as ought to have been entered. (Bryant v. Cadle, Adm., 18 Wyo. 97.) There is no issue of fact to retry to a jury. A new trial is a re-examination of an issue of fact. (Comp. Stats. 1910, Sec. 4601.) Issues of law must be tried by the court. (Comp. Stat. 1910, Sec. 4455.) Issues arise on the pleadings, where a conclusion of law has been maintained by one party and controverted by the other. (Comp. Stats. 1910, Sec. 4451.) A trial court's decision on the sufficiency of the evidence cannot be questioned, unless the evidence is brought up for review. (3 Cyc., 307.) A judgment *non*

*obstante veredicto* may be granted after verdict upon a failure of proof. (Glennon v. Erie R. Co., 86 N. Y. S. 875, 73 N. E. 1124; Hay v. Baraboo, 105 N. W. 654, 3 L. R. A. N. S. 84 (Wis.); Casety v. Jamison, 77 Pac. 800 (Wash.); Davis v. Rose-Marshall Coal Co., 134 Pac. 180 (Wash.); Brown v. Corey, 59 Pac. 1097; Duluth v. —————, 44 N. W. 2; Calboux v. Muller, 78 N. W. 1082; Mauch v. Muller, 96 N. W. 800, 73 N. E. 1124.) The case at bar .may be distinguished from Pike & Richardson v. City of Sheridan, decided April 14th, 1914, as in that case the question was presented by bill of exceptions and the evidence was taken up for review. New pleadings were filed and new issues were made, after the jury had disagreed. The case of Bryant v. Cadle, 18 Wyo. 97, is in point.

*Cadle & Byrd,* in reply.

The case of Pike & Richardson v. City of Sheridan is clearly in point. There was no trial. The case of Bryant v. Cadle, 18 Wyo. 97, was tried to the court and is clearly distinguishable from the case at bar. The error complained of is apparent on the face of the record and no bill of exceptions is necessary. (Comp. Stat. 1910, Sec. 4597.) It is an error occurring during the trial. (Burns v. Railroad Co., 14 Wyo. 498.) Supreme Court Rule No. 13 applies only where there has been a trial. (Anderson v. Inglehart, 18 Wyo. 196; First National Bank v. Swan, 3 Wyo. 356.) The rule announced in Perkins v. McDowell, 3 Wyo. 328, requiring exceptions taken to a ruling made on a motion for a change of judge to be incorporated in the bill of exceptions for purposes of review, does not seem to be supported by the great weight of authority. Upon the filing of the affidavit the authority of the judge ceases. He has no further judicial authority except to call in another judge. (40 Cyc. 177; Woods Gold Mining Co. v. Royston, 46 Colo. 191; 103 Pac. 291; Smith v. People, 2 Colo. App. 99, 29 Pac. 924; State v. Meeker County, 79 N. W. 960, 116 N. W. 3.) The settlement, allowance and signing of a bill of exceptions is a judicial act. (Schlessinger v. Cook, 8 Wyo.

489.)  An affidavit for a change of judge is a part of the record.  (Winet v. Berryhill, 55 Iowa, 415; McGovern v. Lumber Co., 61 Iowa, 265.)

POTTER, CHIEF JUSTICE.

This cause is here on error.  The action is one for damages for personal injuries, and was not triable without a jury unless a jury trial was waived, with the assent of the court, in the manner provided by statute.  The record shows that issues of fact were presented by the pleadings, consisting of the petition, answer and reply; that on June 24, 1913, a jury was impaneled and sworn to try the cause; that the trial was proceeded with by the introduction of evidence, and on June 25, 1913, at the conclusion of the evidence, and after being instructed by the court and hearing the arguments of counsel, the jury retired to deliberate upon their verdict, and on the following day returned into court and reported that they were unable to agree upon a verdict, and were thereupon discharged from further duties in the cause. It does not appear, nor is it contended or suggested, that there was any further trial of the cause, but a judgment was entered therein reading as follows:

"This day came on to be heard the motion of the defendant this 13th day of September, 1913, asking that judgment be entered for the defendant in the above entitled case; the plaintiff was represented by Cadle & Byrd, his attorneys, and the defendant appeared by J. H. Burgess, its attorney; and the court having considered the aforesaid motion does find that the above entitled case was on the 24th day of June tried before this court and a jury, and was finally submitted to the said jury; that thereafter, to-wit, on the 26th day of June, 1913, the aforesaid jury, being unable to agree, was discharged by the court without rendering a verdict. And the court does further find that at the close of the testimony the defendant requested the court to instruct the jury to find a verdict in favor of the defendant; which request was then refused.  And the court does now find, after hearing the argument of counsel, that the aforesaid

request should have been granted, and that the jury should have been instructed to find a verdict in favor of the defendant. And the court does accordingly find that the defendant's motion for judgment in the aforesaid case now and here presented should be granted and sustained. Wherefore, it is hereby ordered, decreed and adjudged that the said motion be, and the same is hereby, sustained and granted. And it is further hereby ordered, decreed and adjudged that the above entitled cause be, and the same is hereby, dismissed; that the plaintiff take nothing by this action; that the defendant go hence without day; and that the said defendant have of and recover from the said plaintiff its costs herein expended and taxed at the sum of $. . . . . . . ; to all of which the plaintiff at the time duly excepted."

There is no bill of exceptions in the case, and on that ground a motion is made to dismiss the proceedings in error, and it was submitted at the same time the case was heard upon the merits. But a bill is not necessary to question the authority of the court to render this judgment at the time and in the manner in which it was rendered, that is to say, after the discharge of the jury without a verdict upon their disagreement, and without a further trial of the cause, for if the condition of the case did not authorize the entry of the judgment, the error appears on the face of the record proper. Nor is it necessary to the consideration of such error that there should have been a motion for new trial filed and overruled, with an exception to the ruling. It was contended in argument that the petition in error is insufficient to present the question; the contention being based on the form of assigning the error. It is alleged in the petition in error that after the judgment was entered a motion for new trial was filed by the plaintiff and overruled, and the ruling excepted to, and a copy of the motion showing the stated grounds thereof is set out in full. Following such copy of the motion it is alleged that the overruling of the motion was error, "and that the court erred in each particular as set forth in said motion." We cannot approve

the form of the petition in this and some other respects. There being no bill of exceptions, the motion for new trial is not a part of the record, and setting out a copy of the alleged motion in the petition in error does not bring it or the alleged ruling upon it before us. But we think a liberal construction of the petition in error requires us to hold that the charge that the court erred in each particular as set forth in the motion, of which a copy is set out, amounts to alleging or assigning as error the several rulings and proceedings complained of by the alleged motion and stated therein as grounds for new trial, with the same effect as if without a reference to the motion the several grounds had been specifically repeated in assigning error. Among the grounds of the motion as alleged are the following: 1. That the judge of said court was without legal authority to enter said judgment. 2. That the court erred in sustaining defendant's motion for judgment after the discharge of the jury. And thus liberally construing the petition in error, which, in our opinion, is required by the Code, it is to be understood and considered as charging that the court was without authority to enter the judgment, and that it erred in doing so upon the defendant's motion.

It is clear that this judgment cannot be sustained. It is not supported by either verdict or findings and was rendered without trial. Even if the conclusion stated in the judgment that a verdict should have been directed in favor of the defendant and that the defendant's motion for judgment should be granted could be regarded as a finding by the court upon the issues, it would be a finding without a trial, for the only trial of the cause had occurred before a jury, resulting in the disagreement and discharge of the jury without a verdict. The judgment cannot be regarded as the result of that trial, for it ended with the discharge of the jury, leaving the court without any further control or authority over it. (17 Ency. L., 2nd Ed., 1251.) The cause might be tried again either before a jury or before the court without a jury if jury trial be waived, but a trial

was necessary to give the court any authority to enter judgment. This is not an equity case in which the verdict of a jury, if one be called, is only advisory and may be disregarded by the court. In such a case where the jury disagree, it is held that the court may nevertheless make its own findings in the cause and render judgment accordingly. (Keithley v. Keithley, 85 Mo. 217; Adams v. Soule, 33 Vt. 538; 11 Ency. Pl. & Pr. 711.) And the same rule is held to apply where the action or proceeding is one not triable by jury. (Shaw v. Shaw, 28 S. Dak. 221, 133 N. W. 292, Ann. Cas. 1914B, 544.) But this is a case triable by a jury unless a jury be waived.

The only authority in the statute for entering judgment without trial in a controverted case like the one at bar is found in Sections 4610 and 4624, Compiled Statutes, 1910. Section 4610 provides for the dismissal of an action without prejudice to a future action. It provides for such a dismissal by the plaintiff before the final submission of the case to the court or jury, or that the dismissal may be by the court for any of the following reasons: Where the plaintiff fails to appear on the trial; for the want of necessary parties; for plaintiff's disobedience of an order concerning the proceedings in the action; or on the application of some of the defendants, where there are others whom the plaintiff fails to prosecute with diligence. And it declares that in all other cases the decision must be upon the merits, upon the trial of the action. Section 4624 provides for judgment upon the pleadings whenever, upon the statements therein, one party is entitled by law to judgment in his favor, although a verdict has been found against such party. And it has been held in other states under the same code provision that such judgment may be rendered upon the pleadings before as well as after verdict. (Humboldt Min. Co. v. Am. Mfg., Min. & Mill. Co., 10 C. C. A. 415, 62 Fed. 356; Kime v. Jesse, 52 Neb. 606, 72 N. W. 1050.)

The question presented by the objection to this judgment has been decided in another case where the same procedure was followed. (Pike & Richardson et al. v. City of Sher-

idan, 139 Pac. 912.)    In giving our reasons for reversing the judgment in that case it was said:

"When a jury is unable to agree upon a verdict, and is discharged by the court, the statute provides that the cause may be tried again immediately, or at a future time, as the court may direct.    (Section 4505, Comp. Stat. 1910.) The case stands as though it had never been tried.    We are unable to understand how the court, without a retrial of the issues of fact presented by the pleadings, could sustain the defendant's motion for judgment, in the absence of any agreement of the parties that the cause should be submitted to and decided by the court upon the evidence which had been introduced, and upon which the case had been submitted to the jury.    As we have already said, the cause stood for trial as though it had never been tried, the evidence would have to be introduced, and might be materially different from that formerly given.    The record contains no agreement of the parties to submit the case to the court upon the evidence introduced before the jury, and the judgment on its face clearly indicates that it was upon the consideration of the defendant's motion only that the judgment was entered.    *    *·    *    *    Such being the record as certified to this court,·    *    *    *    *    the judgment was entered without trial, without hearing any evidence on the issues of fact presented by the pleadings, and without any agreement that the cause should be submitted to the court on the evidence formerly given before the jury, and was therefore erroneous."

We are asked to reconsider the point thus decided, and it is now argued in support of the judgment that when the court concluded that the jury should have been instructed to find a verdict for the defendant the only issue in the case became one of law, and was properly determined by the court upon the defendant's motion, under the statute providing that issues of law are to be tried by the court unless referred.    The argument is ingenious but fallacious.    It confounds an "issue of law," which can arise only upon the pleadings, with a "question" of law which may arise

with reference to the sufficiency of the evidence. The same chapter that contains the provision that issues of law shall be tried by the court, defines "issues" as follows: "Issues arise on the pleadings where a fact, or conclusion of law, is maintained by one party and controverted by the other. They are of two kinds: 1. Of law. 2. Of fact." (Comp. Stat. 1910, Sec. 4451.) The succeeding section (4452) defines an issue of fact: "An issue of fact arises: 1. Upon a material allegation in the petition denied by the answer. 2. Upon a set-off, counter-claim or new matter, presented in the answer and denied by the reply. 3. Upon material new matter in the reply, which shall be considered as controverted by the opposite party without further pleading." Clearly the issues referred to as issues of law by the provision that such issues shall be tried by the court are those which arise upon the pleadings, and not merely questions of law which may be involved in the determination of an issue of fact arising upon the pleadings. (Ry. Co. v. Thurston, 44 O. St. 525, 9 N. E. 232; Forry v. Newark Nat. Gas & Fuel Co., 53 Wkly. L. Bull. 403, 404.) When a court directs a verdict for either party in a case tried before a jury it does not thereby try or assume to try the issue of fact in the case. It cannot do that, unless jury trial has been waived, without violating the constitutional right of the party to a jury trial. It decides only as matter of law that the evidence is insufficient to justify a verdict for the one party or requires a verdict for the other, and, therefore, within its power to determine questions of law and instruct the jury upon the law of the case, it directs what verdict shall be returned. It is argued in this connection that there is no reason or justice in the rule denying the power of the court, upon setting aside a verdict, or after the discharge of the jury upon a failure to agree, to enter a judgment for the party entitled thereto upon the evidence, where a verdict for such party might properly have been directed. Aside from the fact that there is no verdict in this case to call for the application of any rule as to judgment *non obstante veredicto,* the trouble with this argument

is that it ignores several statutory provisions, and particularly the provision which, when this case was determined, limited the court's power as to judgment *non obstante veredicto.* (Comp. Stat. 1910, Sec. 4624.)

Following the same line of argument cases are cited showing the practice in some states of rendering the proper judgment upon the evidence where a verdict has been set aside because of a failure of proof. Where there is a verdict, the case and trial is still within the control of the court for proper action. It may render judgment on the verdict or set it aside. But, as above suggested, the cases cited are not in point, for the reason that there was no verdict in this case. Other cases than those named in the brief might be cited, as well as numerous cases to the contrary. The practice referred to does not generally prevail in this country. Usually where it does prevail it is provided for by statute. To illustrate, in the State of Washington there are statutes which may explain the cases cited from that state, viz.: Casety v. Jamison, 35 Wash. 478, 77 Pac. 800, and Davis v. Rose-Marshall Coal Co., 74 Wash. 565, 134 Pac. 180. Section 4994 of Ballinger's Washington Statutes provides that in all cases tried in a superior court with a jury in which the legal sufficiency of the evidence shall be challenged, and the court shall decide as a matter of law what verdict shall be found, the court shall thereupon discharge the jury from further consideration of the case and direct judgment to be entered in accordance with its decision; and Section 5085 provides that the court may, upon motion of the defendant, dismiss an action or render a judgment of non-suit, when, upon the trial, the plaintiff fails to prove a sufficient cause for the jury. But we do not find that these provisions are held to authorize the court to render a judgment upon defendant's motion where the jury has disagreed and has been discharged. On the contrary, in such a case the power seems to be denied. (Dossett v. St. Paul & T. Lumber Co., 28 Wash. 618, 69 Pac. 9.) There is a statute in Pennsylvania providing in substance

that whenever, upon the trial of any issue, a point request-
ing binding instructions has been reserved or declined, the
party presenting the point may move that the evidence be
duly certified and filed so as to become part of the record,
and for judgment *non obstante veredicto;* and thereupon,
if the court does not grant a new trial it shall be the duty
of the court to so certify the evidence and to enter such
judgment as should have been entered upon that evidence,
at the same time granting to the party against whom the
decision is rendered an exception to the action of the court
in that regard. And that statute was held not to authorize
a judgment after a disagreement and discharge of the jury.
(McKinnon v. Rynkievicz, 145 Fed. 863.)  In the case
cited it was said: "The court is clearly of the opinion that
the Pennsylvania Act does not authorize the court to give
judgment for the plaintiff after disagreement by the jury.
Before the court can render a judgment *non obstante vere-
dicto* upon the whole record, there must be a verdict ren-
dered by the jury in the case, and, until this is done, the act
does not authorize the court to give judgment to either
party to the suit." A later statute in that state, following
the other provisions of the statute above referred to, pro-
vides for a judgment after disagreement and discharge of
the jury where a point requesting binding instructions has
been reserved or declined, and, referring to that statute, it
was held that to authorize a judgment without another trial,
after a disagreement and discharge of the jury, it is neces-
sary that the record disclose the several steps in the pro-
ceeding and that the judgment was entered in strict com-
pliance with the statute. (Lipsky v. Stolzer, 236 Pa. St.
151, 84 Atl. 688.)  There is no suggestion in the case that
in the absence of the statute a motion for judgment upon
the evidence could properly be granted after the disagee-
ment and discharge of the jury without a verdict. But it
was said: "If the evidence is conflicting the court cannot
enter judgment under the statute. It does not, and could
not, constitutionally, authorize the court to invade the prov-

ince of the jury and pass upon the credibility of witnesses, and determine questions of fact, but confers upon the court the power to enter judgment for the plaintiff or the defendant upon the whole record where there is no conflict of evidence and where binding instructions should have been given on the trial."

The power of the court to render judgment *non obstante veredicto,* when this judgment was entered, was limited in this state to cases where, upon the statements in the pleadings, one party was entitled by law to judgment in his favor, except where a judgment might be entered upon a special verdict disregarding a general verdict inconsistent therewith. (Comp. Stat. 1910, Sec. 4624; Challen v. Cincinnati, 40 O. St. 113; McCoy v. Jones, 61 O. St. 119, 55 N. E. 219; R. R. Co. v. Nobil, 85 O. St. 175, 97 N. E. 374, Ann. Cas. 1913A, 1019; Manning v. City of Orleans, 42 Neb. 712, 60 N. W. 953; Barge v. Haslam, 91 N. W. 528, 63 Neb. 296, 65 Neb. 656, 88 N. W. 516.) Section 4624 *supra* reads as follows:

"When, upon the statements in the pleadings, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, although a verdict has been found against such party."

This statute enlarges upon the common law, which allowed a judgment to be rendered *non obstante veredicto* only for the plaintiff, and then only where the plea confessed the action and did not sufficiently avoid it. The defendant might, at common law, move in arrest of judgment, but that motion, as well as the motion of the plaintiff for judgment *non obstante veredicto,* must have been grounded upon something apparent on the face of the pleadings. The statute, as said in the Ohio case of McCoy v. Jones, *supra,* brought into the code the substance of what was theretofore known as a motion for judgment *non obstante veredicto* and a motion in arrest of judgment. It does not appear that the judgment here complained of was rendered solely upon the pleadings. On the contrary, the strong inference is that

it was not. And it is not contended in support of the judgment that it was either founded upon or authorized by the pleadings. As above indicated, the common law rule has been further extended by statute in some states so as to permit a judgment *non obstante veredicto* to be entered upon a consideration of the evidence, where a verdict might have been directed, but in the absence of a statute authorizing it that practice does not usually obtain. (U. S. v. Gardner, 133 Fed. 285, 66 C. C. A. 663; Plunkett v. Detroit Elec. Ry. Co., 140 Mich. 299, 103 N. W. 620; Prowell v. Nuendorf, 141 Mich. 272, 104 N. W. 666; Baylis v. Traveller's Ins. Co., 113 U. S. 316, 5 Sup. Ct. 494, 28 L. Ed. 589; Floyd v. Colo. F. & I. Co., Colo. App. 54, 50 Pac. 864; and see note to R. R. Co. v. Nobil, Ann. Cas. 1913A, 1023-1025.) And, notwithstanding a state statute relaxing the rule of the common law by permitting a judgment *non obstante veredicto* where, upon the evidence, a verdict ought to have been directed, the error in refusing to direct a verdict can only be corrected in the Federal courts by granting a new trial; it being held that the procedure authorized by such a statute is an infraction of the seventh amendment to the Constitution of the United States preserving the right of trial by jury and declaring that "no fact tried by jury shall be otherwise re-examined in any court of the United States, than according to the rules of the common law." (Slocum v. New York Life Ins. Co., 33 Sup. Ct. 523, 57 L. Ed. 879, Ann. Cas. 1914D, 1029, 228 U. S. 364; Young v. Central R. R. Co., 58 L. Ed. 750, 34 Sup. Ct. Rep. 451, 232 U. S. 602.) However, such a statute has been sustained as not violative of a state constitution preserving the right of trial by jury as at common law. (Bothwell v. Boston El. Ry. Co., 215 Mass. 467, 102 N. E. 665, Ann. Cas. 1914D (Vol. 34) 275; and see note to the case cited in Ann. Cas.)

In Plunkett v. Detroit Elec. Ry. Co., *supra,* where a motion for judgment *non obstante veredicto* was granted on the ground that a verdict should have been directed in favor of the defendant, the Michigan Supreme Court said:

"The defendant and the court below mistook the practice. At the common law, judgment *non obstante veredicto* could be entered only when the plea confessed the cause of action and set up matters in avoidance which were insufficient, although found true, to constitute a defense or bar to the action. The rule was later relaxed, and made to apply in favor of the defendant, so that it is now generally held that the defendant is entitled to a judgment *non obstante veredicto* when the plaintiff's pleadings are not sufficient to support a judgment in his favor. (11 Enc. Pl. & Prac., 912 *et seq.*) So, too, if there be both a general and special verdict, and the latter be inconsistent with the former, judgment may, in some cases, be based upon the special verdict, disregarding the general verdict. But we know of no case in which it is proper practice to enter a judgment *non obstante veredicto*, unless it appears on the record that the verdict of the jury cannot be supported as matter of law. In all other cases the proper practice is to move for a new trial, or review the case on writ of error and exceptions. There must be either a general or special verdict to support a judgment, or the pleadings must authorize its entry."

A recent statute of this state, enacted since this case was submitted here, extends the authority of the trial court to render judgment *non obstante veredicto,* following a statute of Minnesota and North Dakota in that respect, by providing, in effect, that when a verdict has been returned against a party whose motion or request that a verdict be directed in his favor has been denied, the court may, on motion by such party for a new trial or for judgment notwithstanding the verdict, order judgment to be entered in his favor, if it be found that he was entitled to have a verdict directed in his favor, and authorizing this court, in reviewing a judgment on exceptions and error, to order and direct judgment to be entered in favor of the party who was entitled to have the verdict directed in his favor, whenever it appears from the pleadings and evidence that the party was entitled to have his motion or request for a directed verdict granted.

(Laws 1915, Ch. 134.) If this court might follow that statute in disposing of a case tried and determined before the statute was enacted, a question which need not be decided, it would not be applicable, for the reason above stated and repeated that there was no verdict in this case.

In the opinion in the former case in which the question here involved was decided (Pike & Richardson v. City of Sheridan, *supra*) the statute was referred to, which provides that when the jury is discharged after the cause is submitted or during the trial, the cause may be tried again immediately or at a future time, as the court may direct. (Comp. Stat. 1910, Sec. 4505.) It is argued that this statute ought not to be construed as requiring another trial of the cause, but merely as permitting a trial. It is immaterial whether the words "may be tried again" are to be regarded as mandatory in effect, or merely as authority for a retrial of the cause. If the provision had been that the cause "shall" be tried again, it certainly would not be construed as preventing a dismissal by the plaintiff, if otherwise he would be entitled to dismiss the action, or by consent, or a judgment upon the pleadings if either party should be entitled to such a judgment. The preceding section authorizes a discharge of the jury by the court on account of the sickness of a juror, or any accident or calamity requiring its discharge, or by consent of both parties, or after the jurors have been kept together until it satisfactorily appears that there is no probability of their agreeing. (Comp. Stat. 1910, Sec. 4504.) The purpose of such a provision is apparent. And we think the provision that after such discharge of the jury the cause may be tried again was adopted to prevent the discharge of the jury without a verdict from operating as a termination of the suit, and it cannot reasonably be doubted that its effect is to declare that, notwithstanding the discharge of the jury as authorized by Section 4504, the action remains pending and may again be tried. It clearly recognizes the effect of the discharge of the jury without a verdict as a mistrial, and certainly confers no authority to enter a judgment without another trial.

At one time it was a much mooted question whether, es-
pecially in a criminal case, a jury could be rightfully dis-
charged for failing to agree, so as to permit another trial.
(See Winsor v. The Queen, 1 L. R. Q. B. 289.) Even as
late as 1832 we find that the question was presented in Eng-
land in a civil case whether the discharge of a jury by con-
sent, without giving a verdict, terminated the suit, or
whether the plaintiff should proceed with that suit or a
second action that had been brought for the same cause.
And the court disposed of the matter by saying: "The first
action was no more ended by discharging the jury, than it
would have been by withdrawing a juror." (Everett v.
Youells, 3 Barn. & Adol. (23 Eng. C. L. R.) 158.) The
law as to the effect of withdrawing a juror may be found
discussed in a note to the case of Usborne v. Stephenson,
48 L. R. A. 436. Among other things in that note is a
statement quoted from Chitty's Gen. Prac. as follows:
"When a considerable time has elapsed, and the jury cannot
agree upon their verdict, the practice is for the counsel of
the respective parties to agree to withdraw a juror, i. e., to
require one of the twelve to leave the jury box, by which
means the proceedings on the trial are in effect determined
without any verdict or other proceeding. This arrangement
usually takes place at the recommendation of the judge at
any time pending the action, when the action is doubtful,
or it is on any ground unfit that it should proceed further.
In this case each party pays his own costs, and a defendant,
by consenting to withdraw a juror, waives any supposed
right he may have to claim his costs from the attorney for
the plaintiff, on the ground of the action having been
brought without the consent of the latter. However, al-
though it is in general understood and expected that there
are not to be any further proceedings, yet in point of law
the plaintiff may commence a fresh action; and therefore
a defendant's counsel should require a written engagement,
signed by the plaintiff or his attorney, in consideration of
the defendant's consenting to withdraw a juror, that the

plaintiff will not institute any further proceedings in rela-
tion to the subject-matter of that suit." (See also Syme v.
Jude's Exrs., 3 Call (Va.) 452; Harries v. Thomas, 2 M. &
W. 32; Norburn v. Hilliam, 5 L. R. Com. Pl. 129, 22 L. T.
n. s. 67; Schofield v. Settley, 31 Ill. 515; Planer v. Smith,
40 Wis. 31; Wood v. McGuire, 26 Misc. N. Y. 200, 55 N. Y.
Supp. 746.)

In Syme v. Jude's Exec'rs., the case was submitted to a
jury, who did not agree, and, thereupon, a juror was with-
drawn by consent, and an amendment to the declaration
after the withdrawal of the juror was held allowable. In
Planer v. Smith, *supra,* it is said in the opinion by Lyon,
Justice: "The withdrawal of a juror operates to continue
the cause, and does not of itself entitle the defendant to a
judgment of any kind. If a non-suit be properly granted
the withdrawal of a juror as preliminary thereto is entirely
superfluous and harmless. But if judgment of non-suit be
rendered because a juror has been withdrawn, such judg-
ment is founded upon a misapprehension of the legal effect
of withdrawing a juror, and is erroneous." In Schofield v.
Settley, it was said in the opinion by Breese, Justice: "The
practical effect of withdrawing a juror, in our practice, is
not that it shall operate as a non-suit, but merely to carry
the cause over to another term. This practice has crept in
gradually, ameliorating the more rigid mode of proceeding
by the rules of the common law. It is considered necessary
for the due administration of justice, that courts should
possess this power, to be used in their discretion." In Ros-
engarten v. Cent. R. R. Co., 54 Atl. 564, 69 N. J. L. 220, it
is said: "The withdrawal of a juror by direction of the
court produced a mistrial. There never having been any
trial of the cause, it is obvious that a *new* trial cannot be
directed. The original venire remains in force, and the
parties are entitled to proceed under it." It was said by
Lord Abinger, delivering the opinion of the court disposing
of the case of Harries v. Thomas, *supra:* "I entirely agree
that the mere withdrawal of a juror does not of necessity

put an end to the cause. A juror may be withdrawn merely for the accommodation of both parties, it being found convenient not to try the cause, although, the jury having been sworn, the record cannot be withdrawn. It depends entirely on the circumstances under which the agreement is come to; if it appears that it was the intention of the parties to put an end to the cause, for obtaining a particular advantage, or avoiding a particular loss, the court will give effect to it, or, under some circumstances, even preclude the plaintiff from bringing another action."

It is unnnecessary to consider what the right of the court would be with reference to the discharge of a jury upon a disagreement without the statute authorizing such a procedure, or, in the absence of a statutory provision for a retrial, whether such a discharge would operate as a termination of the suit or a bar to another action. If it may be conceded that the statutory provisions were uunnecessary and that they are merely declaratory of the common law on the subject, it cannot be doubted that by the disagreement and discharge of the jury a mistrial results, and it is entirely clear, both upon reason and authority, that, unless a different rule is declared by statute, another trial is necessary to give the court authority to render judgment, except by consent or a party be entitled thereto upon the pleadings.

In a case already cited (Dossett v. St. Paul & T. Lumber Co., 28 Wash. 618, 69 Pac. 9) it appeared that upon the trial before a jury the defendant's motion for a non-suit was denied, and also a motion that a verdict for defendant be directed. Upon reporting that they were unable to agree upon a verdict the court discharged the jury from a further consideration of the case. Afterwards there was a motion for leave to file an amended complaint, and the defendant served notice of appeal. The trial court refused to consider the motion to amend the complaint until after the determination of the appeal. The appeal was sought to be sustained under a provision of the statute authorizing an appeal from an order affecting a substantial right in a civil

action or proceeding, granting a new trial. It was held that there had been no order granting a new trial, and upon that ground the appeal was dismissed. And it would seem from the discussion of the question in the opinion that the court would not have approved as proper the procedure followed in the case at bar. The court say:

"There has been a mistrial by reason of the failure of the jury to agree upon a verdict. There has been no abuse of discretion by the court in discharging the jury from a consideration of the case when they failed to agree. The day has long since passed when courts are justified in carting juries about and starving them into submission. The appellant, in substance, says the condition here presented is that the appellant is about to be subjected to the expense of another jury trial, for which it has no redress, whatever may be the result, because, if the judgment is finally in its favor, the same will avail nothing because of the poverty of the respondent. For this reason it contends the court should review the evidence in the case that resulted in a mistrial, in order to determine whether the court made the proper rulings on the motions for a non-suit and for a directed verdict. The law expressly provides for the discharge of the jury after they have been kept together, and it satisfactorily appears that there is no probability of their agreeing, and the action shall thereafter be for trial anew. (Sections 5006, 5007, 2 Ballinger's Codes & St.) From the matters disclosed in this record the issues may not be the same in the next trial. Great liberality under our system is allowed in the pleadings. Even if the pleadings are not amended, the same evidence may not be before the jury in the next trial. If this case is resubmitted to a jury, it will result from the express provision of the statute, and not from any order of the court. The action which may result in a re-examination of the issues in this case was the act of the jury in its failure to agree, and not the act of the court, and no act of a jury is reviewable in this court except on appeal from a judgment rendered on their verdict. * * * * In

this case there has been no trial, because there has been no decision on any issue; there is no verdict, and no judgment. Appellant's claim, therefore, that this evidence, which is barren of results, can be brought here for review by a bill of exceptions, has no more foundation than would exist should an appeal be brought from a mere ruling on the admissibility of the evidence."

To the same effect are the cases of Railroad Company v. Denson, 83 Ga. 266, 9 S. E. 788; Augusta Ry. Co. v. Tennant, 98 Ga. 156, 26 S. E. 481; and Stewart Constructing Co. v. Jenkins, 116 Ga. 22, 42 S. E. 382. It is held in these cases that where a motion for a non-suit was made and overruled and a mistrial followed, a bill of exceptions assigning no error except the refusal to grant a non-suit cannot be entertained by the Supreme Court. Discussing the question, it was said in Augusta Ry. Co. v. Tennant: "Unlike a judgment made in overruling a demurrer, a judgment upon a motion for non-suit is not conclusive upon either of the parties upon another trial. It does not go to the sufficiency of the cause of action as laid in the pleadings, but goes to the sufficiency of the evidence submitted upon the trial. If there be no trial, then a judgment of non-suit could afford no ground of exception upon a trial, and a mistrial, or failure to reach a verdict, is equivalent to no trial at all, and the case stands when the mistrial is declared as though it had never been entered upon, and having never been entered upon, this court has no authority by writ of error to enquire into the commission of errors alleged to have been committed upon an attempted trial which so results. Such errors, if committed at all, were necessarily corrected, in so far as they were prejudicial, by the direction of a mistrial, as effectually as if there had been a new trial awarded. * * * * A motion for non-suit could not have been made except there be a trial, and where a mistrial occurs, there being no trial, there could have been in contemplation of law no motion for non-suit occurring upon a trial." The application of this statement of the law to the procedure in the case at bar is apparent.

In an action in Canada against a railway company for damages for the loss of goods while in transit on the line of defendant's railway, alleged to have been caused by. defendant's negligence, the only question left to the jury was that of negligence, the trial judge stating that if there were any other questions in the case he would decide them himself. The other questions, if any, were raised by the answer setting up a special contract releasing the company for loss, although caused by negligence of the company's servants. Upon the question of negligence the jury disagreed. During the trial a motion for non-suit was informally dismissed, with a general understanding that the other. questions in the case would be argued before the trial judge at a subsequent time. There was no further argument and none of the questions involved was again brought before the trial judge. But the defendants gave notice of a motion by way of appeal from the order refusing a non-suit, and for an order that the action be dismissed on the grounds that there was no evidence of negligence, and that the release pleaded was a complete bar to the action. The appeal came on to be heard before the Divisional Court, where judgment was entered ordering a dismissal of the action upon the ground that there was no evidence of negligence to go to the jury. In the Ontario Court of Appeals it was held that the Divisional Court went too far in disposing of the case as they did before the issues had ever been passed on by the trial judge or jury. The case then went to the Supreme Court of Canada. The appeal from the Ontario Court of Appeals was dismissed, the court saying: "This case has never been tried; although standing for trial by a jury, no jury has yet passed upon the issues of fact involved, nor has the judge who heard the evidence given a decision upon the remaining questions." (Canadian Pac. Ry. Co. v. Cobban Mfg. Co., 22 Can. Sup. Ct. 132.)

Where a general verdict is returned, but the jury fail to agree upon special questions submitted to them which are material to the issue, it is held that the result is a mistrial rendering it improper to render judgment upon the general

verdict. (Tourtelotte v. Brown, 1 Colo. App. 408, 29 Pac. 130; Clark v. Weir, 37 Kan. 98, 14 Pac. 533; Ebersole v. Nor. Cent. R. Co., 23 Hun, 114; Sutton v. Dana, 1 Metc. (Mass.) 383.) The action in Tourtelotte v. Brown, *supra,* was upon a promissory note and a material issue was whether the maker's signature was genuine or forged. On a trial to a jury the question was submitted for a special finding: "Was the name of Francina Hawkins at the end of the note forged?" The answer to the question was: "Jury cannot agree." A general verdict for the defendant was returned and a judgment entered upon it. The court say: "Whether the signature to the note was genuine or a forgery was put directly in issue by the pleadings—was the controlling issue. If found a forgery, there was an end of plaintiff's case; if found genuine, other legitimate issues must of necessity be determined and found for the defendant to defeat a recovery. The direct question was propounded to the jury for a special finding. No finding was made, but a statement was returned that the jury could not agree, which was accepted by the court. A general verdict for the defendant was also returned, accepted, and a judgment entered upon it. We are clearly of the opinion that this was error. There was a mistrial. The failure to find upon that issue was equivalent to a failure to find and agree upon any verdict in the case." The judgment was reversed and the cause remanded for a trial *de novo.* The case of Clark v. Weir, *supra,* was a civil action for assault and battery. A general verdict was returned in favor of the plaintiff for $300 damages. Questions were submitted to the jury for a special verdict, one of the questions being: "What amount of actual damages did the plaintiff sustain, if any?" Another was: "What items, and what is the amount of each item, that plaintiff sustained in actual damage, if he sustained any?" The answer to each of these questions was: "Jury do not agree." On the ground that the answers disclosed a failure of the jury to agree upon any verdict either as to the amount of the actual or exemplary damages, a

judgment entered upon the general verdict was reversed and the cause remanded for a new trial. The court said that the jury should have been required to agree upon these questions or have been discharged because they could not agree. So, where, in an action for divorce, the answer contained recriminatory charges, and the issues were settled for trial by jury, the court directed the jury to find for the defendant as to one of the charges, and submitted the others to the jury, who disagreed, a motion for an order declaring that the court having directed a verdict for the defendant on one of the issues, the remaining issues only were to be considered on the new trial, was denied; the court saying: "Nothing was adjudicated. It was, in short, a mistrial. The rule is, that the jury cannot find on one issue and disagree on another; the findings must be altogether or not at all, and the court will not receive the finding of the jury on one issue and discharge the jury as to the other. * * * * The verdict as rendered must be sufficient for all the purposes of the case, or it is no verdict. * * * * When a jury disagree, the directions given on the trial affect that trial only, and not a subsequent one, wherein there may be different issues. * * * * No verdict having been received or recorded, the new trial must, of course, proceed *de novo* as to all the issues in the action." (Smith v. Smith, *27* Misc. *252, 57* N. Y. S. *774.*)

Where it is held that a dissent of one of the jurors in open court destroys the effect or validity of a sealed verdict, the result is held to be a mistrial, leaving the court without authority to take another verdict from the same jury and enter judgment thereon. "When a juror dissents from a sealed verdict there is a necessary choice of evils, a mistrial or a verdict finally delivered under circumstances that justly subject it to suspicion of coercion or improper influences. * * * * If one juror can dissent, so may all change their view and render a new verdict exactly opposite to the one they first agreed upon and sealed. * * * * The only safe way out of such a situation is to treat it as a mistrial and discharge the jury." (Kramer v. Kister, *40* Atl. *1008, 44* L. R.

A. 432, 187 Pa. St. 227.) And so, where a sealed verdict was returned, but before it was opened, one of the jury became insane, and the court received the verdict in the presence of the rest of the jury, denying a request to have them . polled, it was held to be error and that a venire *de novo* should be granted. (Norvell v. Deval, 50 Mo. 272, 11 Am. Rep. 413; see also Bowman v. Wheaton, 2 Kan. App. 581, 44 Pac. 750; Thornburgh v. Cole, 27 Kan. 490.) And where a jury, after being discharged without agreeing upon a verdict, subsequently reassembled and agreed upon a verdict for the defendant, which was reported to and affirmed in court, it was held that a motion to set aside the verdict should be sustained. (Richards v. Page, 81 Me. 563, 18 Atl. 289; and see s. c. 14 Atl. 933.) It appeared that the court had directed the officer in charge of the jury to discharge them at a certain hour during the night if they had not agreed; according to such direction they were permitted to separate, but next morning they assembled in the jury room and agreed upon the verdict. The fact of the separation was not known to the trial court or counsel when the verdict was accepted. The court said: "The court at *nisi prius* had the power to be exercised in its discretion, to direct the discharge of the jury when satisfied that they could not agree. That power was properly exercised in this case; and when the jury separated by order of the court they no longer had charge of the case, and had no power over it. The jury had no more power to assemble in their room and further consider the case, than if it had never been committed to them." The verdict was set aside and, of course, it left the case open for another trial.

Where the court submits special questions only to a jury, in a case where the issues are triable by a jury and the verdict is not merely advisory as in an equity case, and the answers thereto are not sufficient to dispose of all of the issues, and the court makes its own findings upon the other issues of fact and renders judgment, or disregards the special findings of the jury and makes its own findings and renders

judgment accordingly, it is held error and that a new trial must be awarded. (Hodges v. Easton, 106 U. S. 408, 1 Sup. Ct. 307, 27 L. Ed. 169; Montgomery v. Sayre, 91 Cal. 206, 27 Pac. 548; Sonnesyn v. Akin, 14 N. Dak. 248, 261, 104 N. W. 1026; Smith v. Pitts, 55 Tex. Civ. App. 97, 122 S. W. 46; Perea v. Colo. Nat. Bank, 6 N. M. 1, 27 Pac. 322; Armstrong v. Hinds, 9 Minn. 356; Stein v. United Railroads, 159 Cal. 368, 113 Pac. 663; Fries v. Mack, 33 O. St. 52.) In a case in Indiana it was held that the court was without authority, after the case had been fully tried and submitted to the jury, and they had failed to agree, to withdraw the case from the further consideration of the jury, discharge them, and find for one of the parties upon the evidence that had been taken upon the trial to the jury. (Hendry v. Crandall, 131 Ind. 42, 30 N. E. 789.) It does not appear from the report of the case that it would have been proper to direct a verdict. It is the approved practice at least in some states to recall the jury to whom a cause has been submitted, upon its being reported that they cannot agree, and, before discharging them, direct their verdict. Of course it must be a case in which a directed verdict is proper. (Rainger v. Boston Mut. L. Asso., 167 Mass. 109, 44 N. E. 1088; Byrne v. Boston El. Ry., 198 Mass. 444, 85 N. E. 78.)

It is said in 21 Ency. Pl. & Pr., 1007-8, that it is a mistrial where a jury is discharged without a verdict. And in Fisk v. Henarie, 32 Fed. 417, 427, it is said: "Where a jury is discharged without a verdict, the proceeding is properly known as a mistrial; and where a verdict is set aside because it ought not to stand, the result is the same. The proceeding has miscarried, and the consequence is not a trial, but a mistrial." So, in Hester v. Hagood, 3 Hill (S. C.) 195, where the jury were discharged, by consent, without a verdict, because of failure to agree, the court said, explaining the effect of the proceeding, upon considering a motion for leave to amend the declaration: "The mistrial did not alter the rights of the parties; the case stands now exactly as if no attempt to try it had ever been made."

One case only has come to our notice which might seem to approve a procedure like that in the case at bar, in the absence of a statute authorizing it. That case is Calteaux v. Mueller, 102 Wis. 525, 78 N. W. 1082. At the close of the evidence there was a motion for the direction of a verdict in favor of the plaintiff. The motion was denied, but with the understanding that the question of law presented should be considered later and that in the meantime some questions of fact should be passed upon by the jury. The jury failing to agree upon those questions, they were discharged, and the court then granted plaintiff's motion for judgment, and judgment was thereupon entered. Referring to the manner in which the judgment was entered, the court said: "The fact that there was no formal verdict is immaterial. The case turned on a question of law, therefore a verdict, though it would have been proper, was not necessary," citing Gammon v. Abrams, 53 Wis. 323, 10 N. W. 479. It is not, perhaps, clear whether the motion for judgment was made and granted after the discharge of the jury or concurrently therewith. If the latter, the procedure might perhaps have been deemed equivalent to the direction of a verdict, and the jury's assent to the verdict a mere formality, and therefore unnecessary. But if it is to be understood from the report of the case that the motion was made and granted after the discharge of the jury, its weight as authority in this case would depend somewhat upon whether the court was or was not controlled by statutory provisions affecting the power of the court in such a case.

We have gone to this length in discussing the question, not because it has been deemed difficult, for it has seemed to us to be almost elementary, in view of our statutory provisions, but because there was no brief for the defendant in error in the former case where the question was decided, and in this case a very earnest argument has been made in support of the procedure, which has seemed entitled to our attention and to require a careful reconsideration of the matter. Under the statutory provisions above referred to, we

think it perfectly obvious that where it satisfactorily appears that there is no probability of the jury agreeing, and for that reason they are discharged without a verdict, a mistrial of the case results. And there is no provision in the statute permitting the court to retain control of the proceedings of the trial after so discharging the jury, for the purpose of a further consideration of the questions of law presented by the evidence. We believe it necessary, therefore, to adhere to our conclusion stated in the case of Pike & Richardson v. City of Sheridan, *supra*. ·

·We have not considered the question from the standpoint of the objection that by rendering the judgment complained of upon defendant's motion the plaintiff was denied the right of jury trial. It is not clear that the record sufficiently shows a demand for trial by jury at the time and in the manner required by the statute, since the only showing in that respect is a certificate of the clerk of the court, under the seal thereof, to the effect that upon the call of the docket at the previous term the plaintiff demanded a jury trial and paid the required jury fee of twelve dollars. But the case is one in which a jury trial could be waived only with the assent of the court. And the case having been tried to a jury, we have deemed it proper to assume, at least, that if a proper demand was not made the waiver that might result therefrom was not assented to by the court. Having submitted the case to a jury under the circumstances stated, and the jury having been discharged without a verdict upon a failure to agree, there was no trial of the case to authorize the entering of judgment. The judgment will be reversed and the cause will be remanded for trial, or for such other proceedings as may be proper and not inconsistent with this opinion.

BEARD, J., and SCOTT, J., concur.