GEORGE KNORR, Respondent, v. VELVA SUPPLY & MACHINE COMPANY, a Corporation, Appellant.

(235 N. W. 149.)

Opinion filed February 18, 1931.

*Nestos, Herigstad & Stenerson,* for appellant.

*E. R. Sinkler* and *G. O. Brekke,* for respondent.

BIRDZELL, J. This is an action to recover $383.50 alleged to be due from the defendant on account of the sale by the latter of certain livestock belonging to the plaintiff for which that amount was received but not paid to the plaintiff. The defense alleged was payment. The action was tried in the district court of Ward county before a jury. At the conclusion of the testimony the plaintiff moved for directed verdict. The motion was denied and the case was submitted to the jury. The jury was unable to arrive at a verdict and was discharged. Several weeks thereafter the plaintiff moved for a judgment non obstante. The motion being granted and the judgment entered, the defendant appeals. In the view we take of the case the facts disclosed by the record are unimportant and only sufficient of them will be stated to show the nature of the case.

In September, 1925, plaintiff delivered some cattle to the defendant. They were shipped to market and shortly thereafter the defendant mailed to the plaintiff a sales slip showing a balance due to the plaintiff of $383.50. With the slip the defendant enclosed a check on the First State Bank of Velva, dated September 28, 1925, for the balance shown to be due. A little more than two weeks after the check was given the bank upon which it was drawn closed without the check having been paid. It appears that the plaintiff had not proceeded with diligence to effect a collection on the check, whether excused on account of illness or otherwise, or whether it was in fact presented and dishonored, we need not now determine.

The principal contention of the appellant is that the judgment is erroneous because entered upon an order of the trial court in ruling upon a motion for which no legal foundation existed and at a time when the case was at issue and triable only before a jury. The latter contention is predicated, of course, upon the fact that the issues had not been resolved by a verdict of the jury because it had failed to

agree, nor by any action taken by the court and jury before the jury was discharged. The respondent, on the other hand, contends that under the practice prescribed or recognized by chapter 335 of the Session Laws of 1923 (§ 7643, Supplement to the Compiled Laws of 1913) the court had ample power to entertain a motion after the discharge of the jury upon their failure to agree and to direct the entry of a judgment for the moving party.

The respective contentions are based upon the following portion of the statute:

"When at the close of the testimony any party to the action moves the court to direct a verdict in his favor, and the adverse party objects thereto, such motion shall be denied and the court shall submit to the jury such issue or issues, within the pleadings on which any evidence has been taken, as either or any party to the action shall request, but upon a subsequent motion, by such moving party after verdict rendered in such action, that judgment be entered notwithstanding the verdict, *or if the jury have failed to agree upon a verdict, for a directed verdict, the court shall grant the same if, upon the evidence as it stood at the time such motion to direct a verdict was made, the moving party was entitled to such directed verdict.* . . ."

We have italicized the portion which furnishes the basis for the contentions made. It will be noted that the statute requires the denial of the motion for directed verdict and the submission to the jury of any issue or issues upon which any evidence has been taken where either party so requests; but upon a subsequent motion by the moving party, after verdict rendered, that judgment be entered notwithstanding the verdict, the court may order judgment for the moving party if he were entitled to a directed verdict, or such judgment may be directed upon a subsequent motion "for a directed verdict" where the jury had failed to agree. If regard be had to the wording of the statute alone, we can see little difficulty in arriving at the correct solution.

A motion for a directed verdict is just what the name signifies. Obviously, such a motion cannot be made if the jury has been discharged. With no jury to render it, there can be no motion for a directed verdict and without a verdict there can be no motion for a judgment notwithstanding the verdict. Where there is a disagreement of the trial jury

the statute clearly contemplates that the trial shall not be terminated by discharge of the jury until there be opportunity afforded for another motion for a directed verdict or for the renewal of the previous motion so that a verdict may then be directed if the court should be of the opinion that the party making the motion were entitled to such verdict. But where the jury is discharged without opportunity being afforded for such motion to be made, the trial has come to an end with no issue determined and the case stands as though no trial had been had. Pike v. Sheridan, 22 Wyo. 312, 139 Pac. 912; Jones v. Chicago, B. & Q. R. Co. 23 Wyo. 148, 147 Pac. 508. Section 7628 of the Comp. Laws of 1913 provides expressly what should be done in such a situation. It reads "In all cases when the jury are discharged or. prevented from giving a verdict by reason of accident or other cause during the progress of the trial, or after the cause is submitted to them, the action may be again tried immediately or at a future time as the court may direct." Neither this statute, nor chapter 335 of the Session Laws of 1923, provides for a determination by the court of the issues of fact in any case triable before a jury where the jury has failed to agree. Where neither party is entitled to judgment on the pleadings alone, the court has power only to cause the case to be again tried or to direct a verdict, a power which can be exercised only in the presence of the jury. If it be thought that a judgment directed by the court in response to an unauthorized motion should not be disturbed if it appeared under the evidence that the prevailing party were entitled to recover and that to direct a new trial is to magnify a mere technical requirement, the obvious answer is the cause is triable before a jury and the methods by which the jury's action may be either judicially coerced, set aside, or entirely obviated, are prescribed by statutes which do not include the method pursued here.

It follows that the judgment is erroneous and it must be reversed. It is so ordered.

CHRISTIANSON, Ch. J., and NUESSLE, BURR, and BURKE, JJ., concur.